MARION B. HUBBARD, as Administratrix, etc., of FRED S. HUBBARD, Deceased, Appellant, v. FORD H. DOW, Respondent. In an action to recover damages for the death of plaintiff's intestate, as the result of a collision between an automobile which he was operating and an automobile operated by defendant, the jury rendered a verdict for defendant. Judgment reversed on the law and the facts and new trial granted, with costs to appellant to abide the event. In our opinion the verdict was against the weight of the evidence. In addition, it was error to deny to plaintiff the right to call, as a witness in rebuttal, a representative of the Motor Vehicle Bureau. The proffered testimony was for the purpose of showing that the testimony of the defendant at the trial was at variance with his testimony before the Motor Vehicle Commissioner. Hagarty, Carswell and Johnston, JJ., concur; Lazansky, P. J., and Adel, J., dissent and vote to affirm the judgment, with the following memorandum: The issues of negligence and contributory negligence were clearly and adequately presented and on the record in this case it may not be said that the determination of the jury is against the weight of the evidence. This is especially so where, as here, the verdict is for the defendant. Such a verdict

should not be disturbed unless there is no reasonable basis on which it may be sustained. (*Mieuli* v. *New York & Queens County R. Co.*, 136 App. Div. 373; *Voyes* v. *Kane*, 240 id. 710.) The court's refusal to permit a representative of the Commissioner of Motor Vehicles to testify when called by the plaintiff in rebuttal was not error nor was it an abuse of discretion. It appears that the hearing before the Commissioner had been reported stenographically and the transcript of the testimony was in court. Plaintiff could have confronted the defendant with any discrepancies appearing therein rather than have waited until rebuttal to offer in evidence all the testimony taken before the Commissioner.