In the Matter of the Claim of BEATRICE EPSTEIN, Respondent, against CITY OF NEW YORK, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board, awarding benefits to the claimant widow. The City of New York, self-insured employer, claims that the decedent committed suicide. He was found dead on April 19, 1949, on a stairway landing between the fourth and fifth floors of the Municipal Building. The decedent, a civil engineer, was employed by the city comptroller to inspect work done for the city and to determine the propriety of bills submitted for payment. His office was on the sixth floor. The cafeteria was on the twenty-sixth floor but one bank of elevators ran only

to the twenty-fourth floor and from that floor it was necessary to walk to the twenty-fifth floor and to proceed to the center of the building and then either use the tower stairs or the tower elevator to the twenty-sixth floor. On April 18, 1949, the day before his death, the decedent had been interviewed by an assistant district attorney and the decedent had confessed to the taking of bribes. The next morning he was told by a superior not to go into the field to make inspections but to work upon his reports in the office, pending a decision by the comptroller as to whether he was to be suspended. The decedent usually took his lunch hour about 11:30 A.M. He was found dead at about 11:50 A.M. The handrail of the stairway on the tenth floor was found to have been damaged, presumably by the fall of the decedent's body. An expert testified that the decedent must have fallen from a point at least six stories above the tenth floor. To counter the employer's proof of motive for suicide, there was evidence on behalf of the claimant that the decedent had behaved normally the evening of April 18th and the morning of April 19th, and that he had given his wife the money to pay as a deposit upon an apartment to which they intended to move. It was also proved, as tending to show that it was unlikely that the decedent would have subjected his family to the shock of a suicide, that his married daughter was then pregnant. The employer contends that an accidental fall was not physically possible but there was no expert evidence to that effect and the stairway railing was only three feet high, while the decedent was about five feet seven inches in height. There was some evidence that the decedent had been under a doctor's treatment for a liver ailment and high blood pressure, which could have caused dizziness. It thus appears that, while there was strong evidence of a motive for suicide, there was countervailing evidence and the evidence as to the physical situation was inconclusive. We cannot say that the presumption under section 21 of the Workmen's Compensation Law that death was not due to suicide was overcome as a matter of law. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.