In the Matter of the Claim of Marion K. Graham, Appellant, against Nassau & Suffolk Lighting Company et al., Respondents. Workmen's Compensation Board, Respondent.

Argued October 14, 1954; decided December 31, 1954.

*Walter F. Forster* for appellant. I. The theory, that when decedent ascended the ladder, reached the platform and was seen disappearing in the superheater while it was emitting flames and the clapper had not fully opened, is not tenable. II. There is nothing in the record from which it can be logically inferred that deceased had any motive for committing suicide and, in this respect, the employer and carrier have failed to destroy the presumptions in favor of appellant. III. With respect to suicide the statutory presumptions contained in subdivision 3 of section 21 of the Workmen's Compensation Law, as well as the

common law, have not been overcome by the employer and carrier. In the absence of such evidence to the contrary, the presumptions must prevail. (*Matter of Dubinsky* v. *Kofsky*, 242 App. Div. 342; *Matter of Orner* v. *Shapiro & Aronson*, 264 App. Div. 803, 289 N. Y. 853; *Matter of Sullivan* v. *Casimir Co.*, 258 App. Div. 830; *Matter of Aponte* v. *Santiago & Garcia*, 279 App. Div. 269; *Matter of Phillips* v. *R. & M. Operating Corp.*, 298 N. Y. 608; *Matter of Sullivan* v. *Woodle*, 252 App. Div. 906, 277 N. Y. 739; *Matter of Goldner* v. *34th St. Hotel Corp.*, 252 App. Div. 711, 276 N. Y. 689; *Matter of Kushma* v. *du Pont Rayon Co.*, 244 App. Div. 858, 269 N. Y. 681; *Matter of Chandy* v. *Society of New York Hosp.*, 272 App. Div. 853, 297 N. Y. 1032; *Matter of Hughes* v. *Covert Mfg. Co.*, 271 App. Div. 856, 296 N. Y. 1058; *Matter of McAvoy* v. *Squibb & Sons*, 269 App. Div. 801, 294 N. Y. 642; *Matter of Busselle* v. *Brooklyn Union Gas Co.*, 241 App. Div. 901; *Matter of Horn* v. *Goldstein Co.*, 265 App. Div. 1022.) IV. The case at bar, considering the sketchy and improbable testimony of employer's witnesses, could easily be classed as a typical unwitnessed accident case and the usual presumptions in connection with unwitnessed accidents prevail. (*Matter of Kleid* v. *Carr Bros.*, 300 N. Y. 270; *Matter of Norris* v. *New York Central R. R. Co.*, 246 N. Y. 307; *Matter of Smith* v. *Osterheld & Son*, 189 App. Div. 384, 229 N. Y. 525; *Matter of Greco* v. *Curtiss-Wright Corp.*, 269 App. Div. 915, 295 N. Y. 988.) V. The substitution of a referee, during the course of the hearings before the Workmen's Compensation Board, is a procedural matter within the prerogatives of the board and did not deprive respondents of due process of law. (*Matter of Dahl* v. *Spencer & Son Corp.*, 269 App. Div. 794; *Matter of Olsen* v. *Todd Dry Dock Eng. & Repair Corp.*, 235 App. Div. 754.)

*Robert N. Van Benthuysen* for Nassau & Suffolk Lighting Company and another, respondents. I. The death of deceased was not the result of an industrial accident but was due to suicide. (*Matter of McCormack* v. *National City Bank of N. Y.*, 303 N. Y. 5; *Matter of Wilson* v. *General Motors Corp.*, 298 N. Y. 468; *Matter of Dyviniek* v. *Buffalo Courier Express Co.*, 296 N. Y. 361; *Universal Camera Corp.* v. *Labor Bd.*, 340 U. S. 474.) II. Substitution of a new referee during the course of

the hearings violated section 20 of the Workmen's Compensation Law and constituted reversible procedural error depriving respondents of due process of law. (*Matter of Dahl* v. *Spencer & Son Corp.*, 269 App. Div. 794; *Matter of Olsen* v. *Todd Dry Dock Eng. & Repair Corp.*, 235 App. Div. 754.)

Dye, J. The issue presented by this compensation appeal turns on whether the deceased employee, Edward Graham, met his death in the course of his employment by accident as found by the Workmen's Compensation Board or by suicide as found by the Appellate Division, Third Department. Causation is a question of fact as to which the decision of the board shall be final (Workmen's Compensation Law, § 20) and it shall " be presumed in the absence of substantial evidence to the contrary * * * 3. That the injury was not occasioned by the willful intention of the injured employee to bring about the injury or death of himself or of another " (Workmen's Compensation Law, § 21). While such a presumption may not be used as a substitute for proof of accident (*Matter of McCormack* v. *National City Bank*, 303 N. Y. 5) nonetheless where there is such proof — particularly in unwitnessed cases — the presumption accorded by the statute may not be overcome except in the manner provided by " substantial evidence to the contrary " (*Matter of Epstein* v. *City of New York*, 283 App. Div. 751; *Matter of Dubinsky* v. *Kofsky*, 242 App. Div. 342).

The claimant's proof establishes, without contradiction, that the claimant's deceased met his death on his employer's premises, during working hours, at a place where he customarily performed the tasks incident to his job as gas maker. A fellow worker testified that he saw him running up the ladder leading to a small service platform near the top of the superheater. When he looked again a few moments later — as his attention had been diverted to the work he himself was doing at the time — " The next thing was his feet sticking out of the superheater ". The charred remnants of his almost completely incinerated body were later taken from the bottom of the superheater.

These simple facts presented a situation, partially unwitnessed as to some of its details but, even so, in our view, enough to justify the board in finding that an accident had taken place

arising out of and in the course of decedent's employment. To overcome that finding of fact, the employer and its carrier had the burden of demonstrating by " substantial evidence to the contrary " that the resulting death was in fact due to suicide. To meet this burden they offered hearsay and opinion evidence in the form of the coroner's certificate listing suicide as the cause of death; the opinion of an officer who investigated the accident, and the expert opinion of an engineer who testified that a person of the height of the decedent, standing on the service platform located near the top of the superheater, could not fall into the stack. Despite this opinion testimony the board was justified in concluding that the decedent's presence at the top of the superheater just before he disappeared into it could reasonably be accounted for as being for the purpose of realigning the clapper. While that function was not part of his assigned duty as crew foreman, it is not at all unusual for an employee to do something other and more than is required of him to his injury. When he does so he is not penalized for his right to compensation is not dependent on freedom from fault.

On the day at the time in question the generator needed refueling. The decedent who was in charge of the three-man crew ordered a fellow crew member to turn off the controls and shut down the machine. It was while this was being done that the happening above described occurred.

The superheater is an apparatus used in making gas. It has a large cylindrical stack sixteen feet nine inches high and five feet in diameter. Affixed to the top of this vertical stack is a heavy iron cover or " clapper " three feet two inches in diameter. It is fastened by means of a bolt through a hole in its center to a metal arm which in turn is attached to the side of the stack by a single hinge. The clapper at intervals of about four minutes automatically opens upward to a ninety-degree angle to release excess gas pressure developed inside the superheater and remains open between one and two minutes. The gas thus emitted ignites when coming in contact with outside air and an enveloping sheet of flame is thrown five or more feet generating a temperature of over one thousand degrees Fahrenheit. Fastened to the side of the stack is a narrow iron ladder ascending to a small iron platform, the floor of which is about four feet three inches below the top of the stack. This platform is

protected by an iron railing consisting of horizontal members fastened to vertical parts. In the course of the gas-making operation the clapper atop the stack, which was designed to fit snugly, occasionally gets out of alignment and requires readjustment. Because of the flames and extreme heat caused by the burning gases, the adjustment can only be made when the apparatus is shut down for refueling. At such times one of the gas-making crew ascends the iron ladder to the platform and, by inserting a short iron bar into a notch in the cover provided for that purpose, rotates the heavy cover into proper alignment. For a workman six feet tall, the height of the deceased, to do this while standing on the platform, he would be required to stretch his arms well over his head. On the other hand, if he stood on the middle horizontal section of the guardrail approximately two feet above the floor of the platform, the clapper could be adjusted with much less physical effort, but the body of the workman would be raised well above the opening of the stack. This method was frequently resorted to, and there is no showing that it was not used by the decedent at the time in question.

To show motivation and suicidal tendency, proof was offered to the effect that the decedent was having matrimonial difficulties; that his wife had obtained an interlocutory decree of divorce with provisions for alimony and that on the morning in question he was moody and uncommunicative. However, there is countervailing proof that claimant was forty-four years of age; was survived by his wife and four children under the age of eighteen years; had worked for the same employer for eighteen years; had no habits or attitudes nor did he do any acts or make any statements indicating unbalance, dissatisfaction with life or other evidence tending to indicate an intention or motivation leading to self-destruction. In fact, it appeared that, as soon as the wife's divorce decree became final, he was planning to remarry. Under such a showing, motivation became an issue of fact, which the board was entitled to resolve in the first instance (Workmen's Compensation Law, § 20). Viewing the record as a whole we cannot say, as a matter of law, that the presumption against suicide accorded by section 21 of the Workmen's Compensation Law was overcome by "substantial evidence to the contrary".

The order of the Appellate Division should be reversed, with costs in this court and in the Appellate Division, and the award of the Workmen's Compensation Board reinstated.

CONWAY, DESMOND and FROESSEL, JJ., concur with DYE, J.; LEWIS, Ch. J., FULD and VAN VOORHIS, JJ., dissent and vote to affirm upon the opinion of IMRIE, J., in the Appellate Division.

Order reversed, etc.