The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., BERGAN, HALPERN and GIBSON, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.

In the Matter of the Claim of MADELEINE GLENN, on Behalf of Herself and Minor Children, Respondent, against SEAMEN'S BANK FOR SAVINGS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 10, 1956.

*Ralph S. Stowell* and *Joseph D. Edwards* for appellants.

*Halpin, Keogh & St. John* for claimant-respondent.

*Jacob K. Javits, Attorney-General* (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

ZELLER, J. The decedent had worked for the employer savings bank for 23 years as a collector of money for deposit and as a solicitor of bank accounts from seamen who sailed on steamships which docked in New York Harbor. Because of his duties, his hours were irregular and he spent considerable time at various piers and often carried substantial sums of money. In addition to these duties, decedent acted as assistant to the art director of the bank and was required to make deliveries of advertising material, display properties, etc., from one of the employer's branches to another, and handled incidental errands, all of which required use of his station wagon for which he was reimbursed on a mileage basis.

On October 11, 1951, the decedent, after visiting a coworker leaving on a cruise from Pier 34 in the North River, shortly

after 5:00 P.M. drove two guests of the coworker to a subway station. About a half hour later, the harbor master at the pier saw a person, whom he could not identify, walk on the pier, remove his raincoat, place it on the floor and walk out to the end of the pier. On later investigation, when he failed to locate this person, he picked up the raincoat from which a wallet fell out, and took it to the superintendent of the pier. The police were notified and it was ascertained that the wallet belonged to decedent, but contained no money. Decedent's car was found locked near the pier. Ten days later decedent's body was found in the river a short distance from Pier 34. An autopsy disclosed that death was due to asphyxia by submersion and an analysis of the liver showed " Ethyl (grain) alcohol — present — 3 plus — large amounts ".

The issue presented turns on whether the deceased employee met his death in the course of his employment by accident, as found by the Workmen's Compensation Board, or by suicide, as appellants contend.

Causation is a question of fact as to which the decision of the board shall be final (Workmen's Compensation Law, § 20) and it shall " be presumed in the absence of substantial evidence to the contrary * * * 3. That the injury was not occasioned by the willful intention of the injured employee to bring about the injury or death of himself or another ". (Workmen's Compensation Law, § 21.) Concerning such presumption the Court of Appeals in *Matter of Graham* v. *Nassau & Suffolk Lighting Co.* (308 N. Y. 140, 143) stated: " While such a presumption may not be used as a substitute for proof of accident (*Matter of McCormack* v. *National City Bank,* 303 N. Y. 5) nonetheless where there is such proof — particularly in unwitnessed cases — the presumption accorded by the statute may not be overcome except in the manner provided, by ' substantial evidence to the contrary ' (*Matter of Epstein* v. *City of New York,* 283 App. Div. 751; *Matter of Dubinsky* v. *Kofsky,* 242 App. Div. 342)."

Appellants concede that up to the time decedent left the ship to take the two friends of his coworker to the subway, he was in the course of his employment. However, it is at this point that appellants contend that there is a complete absence of any evidence to support a finding that decedent thereafter remained in the employ of the appellant, or that he met with an accident sometime later on Pier 34. There is evidence in the record that decedent's hours were irregular, that he had " other stops * * * other collections to make " and that decedent had received a message sent by the advertising director of the employer directing him to pick up a paper tablecloth at a paper

store in the locality of Pier 34, and that the director waited at the bank until 6:30 P.M. for the decedent to return. The evidence adduced, together with the presumption, justified the finding of the board that at the time of his death the decedent was in the course of his employment.

To overcome that finding, the burden was upon the appellants to show by substantial evidence that the decedent's death was due to suicide. In support of their allegation of suicide and with respect to motive, appellants presented direct evidence that decedent was hopelessly in debt and his income insufficient to meet his obligations and circumstantial evidence that he had juggled and converted money placed with him. However, there was also evidence that had been happily married for 13 years and was the father of 2 sons, that he had been a trusted employee of the bank for 23 years and that on the last day he was seen alive his conduct and disposition were entirely normal. In the circumstances of this case, motivation became another issue of fact.

The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., BERGAN, HALPERN and GIBSON, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.