■ In the Matter of the Claim of MORRIS DEUTSCH, Respondent, v. MAURICE O. GAREY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board which found that in exerting " an excessive amount of strength " to dislodge a pick which stuck in the frozen ground in which he was digging, claimant felt chest pain and sustained a coronary thrombosis and myocardial infarction. As grounds for reversal, appellants point to some discrepancy in dates and to some testimony partially contradictory of claimant. Neither seems of great moment but the credibility of the witnesses and the weight of the testimony were, of course, for the board, which was also entirely warranted in accepting the opinion of claimant's attending physician as to causal relationship. Objection to the failure of timely written notice of accident (of which, incidentally, the employer had immediate actual notice) was not properly interposed. (Workmen's Compensation Law, § 18.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of the Claim of MADELENE GALLAGHER, on Behalf of Herself and Minor Children, Respondent, v. STEERS & MORRISON-KNUDSEN et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and carrier appeal from an award of death benefits. The Workmen's Compensation Board has found that decedent's death was accidental. Appellants contend that it was a case of suicide. Decedent was last seen alive on July 24, 1957, in the men's washroom of the employer's premises on the 27th floor of a building at some time between 2:30 P.M. and 3:15 P.M. Shortly thereafter his badly mangled body was found in the courtyard of the building. There was a large window in the washroom which concededly was open and usually kept open. There was a sink very close to the window. The bottom sill of the window was 2 feet above the floor. A radiator in front of the window was 1 foot 8 inches high. Decedent's body was found approximately 39½ feet from the vertical plane of the washroom window. The window was 344½ feet above street level. On the 25th floor of the building there was a ledge which projected outward 1 foot 10 inches, and on the 24th floor a ledge projecting 4 feet 3 inches. There is evidence that decedent had been hospitalized in June, 1956, and remained away from work until September, 1956, and that he worried about his health. There is evidence that he had dizzy spells and shortness of breath; that he was happily married, had two children, owned his own home free and clear and had no financial worries. He had returned from vacation the day before his death and appeared happy and rested. The case was thoroughly tried on both sides and the evidence is too extensive to discuss in detail. Appellants lean heavily upon the testimony of an expert to the effect that if the body " fell " from the window, without the propulsion of a jump, it would not have landed 39½ feet from the building. This evidence was disputed and was based upon the assumption that the body did not carom off a ledge. The board has found that the presumption against suicide under section 21 of the Workmen's Compensation Law has not been overcome by substantial evidence. All of the evidence tending to overcome the presumption is disputed, and it is for the board to weigh conflicting evidence. Viewing the record as a whole we may not say, as a matter of law, that the presumption was overcome by " substantial evidence to the contrary ". (*Matter of Graham* v. *Nassau & Suffolk Lighting Co.*, 308 N. Y. 140; *Matter of Ackerman* v. *Dairymen's League Co-op. Assn.*, 10 A D 2d 112, motion for leave to appeal denied 8 N Y 2d 706.) Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.