■ BARBARA WEINER, as Administratrix of the Estate of IRVING WEINER, Deceased, Appellant, v. ARROWBROOK GARDENS DEVELOPMENT CORP., Respondent.— In an action to recover damages for the wrongful death by asphyxiation of the decedent, a painter, while engaged in painting an apartment, plaintiff, his administratrix, appeals from a judgment of the Supreme Court, Kings County, entered February 28, 1961 after trial upon a jury's verdict in favor of the defendant. Judgment affirmed, without costs. The main issue in this case was whether the gas, which escaped from a stove in the kitchen of the apartment in which decedent was working, had been turned on by the decedent or by the defendant's porter. Corroborating the porter's denial that it was he who had turned on the gas, David Jacobs (a partner of the painting contracting firm which employed decedent) testified that, after the porter had quit the premises for the day, the decedent was still engaged in painting the apartment, and that he (Jacobs) smelled no gas. The evidence discloses further that the decedent had continued his painting work for another hour after the departure of Jacobs. In our opinion, it was not incumbent upon defendant to show that the escape of the gas had been deliberately caused by the decedent. To warrant a verdict in defendant's favor, it was sufficient if, by the preponderance of proof, the jury could not find that the porter's (rather than the decedent's) inadvertence had caused the gas to escape. Any suggestions of suicide had been rebutted by proof of the decedent's stability; his good health; the long duration of his successful marriage; his steadiness as a worker; and his projected plans for the future. Hence, we are of the view that the admission of his chatty letter to his son-in-law would have added nothing of any material probative value. Ughetta, Acting P. J., Christ and Brennan, JJ., concur; Kleinfeld and Hopkins, JJ., dissent and vote to reverse the judgment on the law and to grant a new trial, with the following memorandum: Plaintiff, as administratrix, sued to recover damages for defendant's wrongful act and neglect which caused the decedent's death. He was employed as a painter by a contracting firm which had been engaged by the defendant to redecorate an apartment in a building which it owned. On the morning after the day on which the decedent began working, his dead body was discovered in the apartment; the cause of death was asphyxiation due to acute carbon monoxide poisoning. Plaintiff adduced evidence that, while the decedent had been painting the apartment on the day before the discovery of his body, a

porter employed by the defendant had removed the burners from a gas stove in the apartment and had shut off the gas by turning with a wrench the petcock behind the burners. The porter's testimony indicated that he was confused as to the location of the petcock and as to the manner in which it was turned off. When the decedent's body was discovered, gas was escaping from the stove; and the oven knob was turned on partly. It was plaintiff's theory that decedent's death was caused by the negligence of defendant's employee in failing to turn off the flow of gas to the stove and in inadvertently turning on the oven knob. The defendant introduced the testimony of a pathologist to the effect that the asphyxia resulted from a direct and rapid inhalation over a short period of time; and that the decedent had been close to the source of the gas. Such testimony was advanced as tending to establish that decedent's death was suicidal. In its charge the court instructed the jury that " There is a normal presumption against suicide, but the normal presumption does not take the place of evidence." In our opinion, in this posture of the case, it was substantial and prejudicial error for the court to exclude the letter which the decedent had written to his son-in-law two days before his (decedent's) death — a letter which negated any intent on his part to commit suicide or any emotion impelling his suicide. Evidence of the decedent's mental condition was relevant and competent to repel the defendant's claim of suicide (1 Wigmore, Evidence [3d ed.], § 144; 1 Ford, Evidence, § 88; 31 C. J. S., Evidence, § 254; Richardson and Breyfogle, Problems of Proof Distinguishing Suicide from Accident, 56 Yale L. J. 482, 491; cf. *Matter of Graham* v. *Nassau & Suffolk Light. Co.*, 308 N. Y. 140, 145; *Shaw* v. *People*, 3 Hun 272). Even though the letter was offered by plaintiff on rebuttal, it was an improvident exercise of discretion to refuse to receive it in evidence. The court had permitted the plaintiff to call the son-in-law as a witness after the defendant had rested; the witness had properly identified the letter; and he had given testimony which laid the foundation for its reception. At that point in the case, particularly upon a closely contested issue, it was error to exclude the letter as improper on rebuttal (cf. *Seguin* v. *Berg*, 260 App. Div. 284, 286; *Hubbard* v. *Dow*, 264 App. Div. 876). Nor may we say under these circumstances that the error was so insubstantial as not to have prejudiced the plaintiff (cf. *Walther* v. *News Syndicate Co.*, 276 App. Div. 169, 171–172; *Hastings* v. *Chrysler Corp.*, 273 App. Div. 292). Accordingly, the judgment in favor of defendant should be reversed and a new trial granted.