In the Matter of the Claim of HILDA BEELER, Appellant, *v.* HILDAN CROWN CONTAINER CORP. et al., Respondents.

Third Department, July 1, 1966.

*Sol H. Sleppin* for appellant.

*Philip J. Caputo* for Hildan Crown Container Corp. and another, respondents.

*Louis J. Lefkowitz, Attorney-General (Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

GIBSON, P. J.   Appeal is taken from a decision which disallowed a claim for death benefits, the board finding " that decedent did not fall to his death accidentally, that suicide is the only reasonable inference to be drawn from the facts in this record, and that the presumption against suicide prescribed by Section 21 of the Workmen's Compensation Law had been overcome by substantial evidence."

The fall, whether accidental or suicidal, was unwitnessed and the board found, inferentially, that decedent passed through an open window on the 12th floor of an office building to fall to his death on the street below.   The sill of the window was 36 inches high and directly in front of it was a radiator 32 inches high, extending 10½ inches from the wall.   Some two years before, after commencing and abandoning an attempt to commit suicide by drowning, decedent had commenced psychiatric treatment for a depressive disorder and that treatment, which included two series of shock therapy procedures, had continued until the day before his death, when he last consulted his psychiatrist, with whom another appointment was scheduled for the following week.   He and his wife had been warned by his physicians of his possible tendency to suicide, although the problem was not considered so acute as to require hospitalization or close supervision.

In urging reversal, claimant points to cases in which awards have been made and sustained on appeal although in each the inference of suicide seemed as strong as in this; but in each of those cases the ultimate affirmance was of a board determination that the strong presumption against suicide had not been overcome by substantial evidence.   Here, to the contrary, the board has found that the presumption was overcome and we cannot account as less than substantial the evidence upon which that determination was predicated.

Appellant urges legal error in the reception of testimony from decedent's attending physicians over her attorney's objection and claim of privilege under CPLR 4504. It is clear, of course, that when medical proof of causation of disability or death is tendered in support of a claim, the physician-patient privilege is waived, simply because claimant's own essential proof has opened the door. It is contended that in this case, however, claimant had only to prove the fact of death occurring in the course of the employment and then to rely upon the presumption against suicide, without medical proof of causation; and that thus there was no waiver and the door was not opened. It can be argued most cogently, however, that the fact of death is itself a medical fact, the mere assertion of which waives the privilege and opens the door to permit examination of all relevant medical proof; so that the presentation and prosecution of a claim, whether for disability or for death benefits, tenders the issue and is effective to open claimant's or decedent's medical records and history to the inquiry concerning causation. (See *Matter of Trotta* v. *Ward Baking Co.*, 21 A D 2d 701; *Matter of Maryland Cas. Co.* [*City of New York*], 274 App. Div. 211, 214.)

The case before us does not, however, require the statement of a rule of general application; as here claimant's counsel stated, before any medical proof was elicited, that the death certificate was in evidence. The "immediate" cause of death was thereby certified to be "Multiple fractures and internal injuries, fall from height." Substantially the same facts were stated in the widow's claim for compensation. This proof opened the door and entitled the employer and carrier to prove, if they could, an antecedent or underlying medical cause to be found in decedent's medical history and his physicians' past diagnoses; whether the "fall from height" and the resultant fatal injuries were caused, for example, by a cardiac attack or a mental disturbance triggering suicide or by some other existent fact; or even in an unlikely but not impossible case, to contradict the assigned cause by proof that death ensued before the fall. Where, as in this case, there was proof, only in part by inference, of progressive causation or a succession of causes — fall, multiple injuries, death — surely the door was opened to permit the extension backward of the chain, so as to show suicidal impulse and act, fall, multiple injuries, death.

The decision should be affirmed, without costs.

HERLIHY, REYNOLDS, TAYLOR and STALEY, JR., JJ., concur.

Decision affirmed, without costs.