■ In the Matter of the Claim of CAROL FORBRICK et al., Respondents, v RIVERBAY CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed January 5, 1981. The decedent, William Forbrick, was employed as a maintenance man by the Riverbay Corporation in an apartment complex known as Co-op City, Bronx County, New York. He died on the morning of October 22, 1979 as the result of injuries sustained in a fall from the roof of Building No. 22-B in that complex. Decedent had gone to the roof to repair a vent fan located on the deck of the roof, about 15 to 20 feet from the ledge and the fence border that surrounded it. The ledge was one and one-half feet high and several feet deep. At its outer edge the three and one-half foot chain mesh

fence had been erected. Decedent was five feet eight inches tall and weighed 200 pounds. After the accident, no breaks or other damage appeared in the fence. The fan belt had been repaired; a chit in the decedent's handwriting indicated the work he had done on the fan; and his tools were found in the work area. The building's janitorial supervisor saw decedent prior to this fall, staring out into space, and remarked about the view, to which decedent answered only "yes". The supervisor then left the area. No one witnessed the accident. By a divided vote, the board affirmed the decision of the Administrative Law Judge, which held that the carrier had failed to produce proof sufficient to overcome the statutory presumption of compensability contained in section 21 of the Workers' Compensation Law. Under that section, there are two separate and distinct presumptions in favor of compensability which arise in every claim for death benefits when the employee's death, occurring during the course of his employment, resulted from an accident that was unwitnessed and unexplained. These presumptions are (1) that such death arose out of that employment (Workers' Compensation Law, § 21, subd 1; *Matter of Brasch v Investors Funding Corp.*, 23 AD2d 918), and (2) that the decedent's death was the result of an accident rather than some willful intention to injure himself (Workers' Compensation Law, § 21, subd 3; *Matter of Phillips v Spaulding Bakeries,* 17 AD2d 684, affd 12 NY2d 1027). Appellants concede the applicability of these statutory presumptions and acknowledge the heavy burden they bear of overcoming them by producing substantial evidence that decedent had in fact committed suicide. In order to meet their burden, appellants rely on photographs showing no break in or damage to the fence and the location of the tools which were still in the work area and not close to this barrier. However, this reliance fails to account for the possibility that decedent could have stood on the ledge to check the work or the roof or even the view and accidentally fallen over the three and one-half foot fence without damaging it. Here, as in *Matter of Mengele v Liebmann Breweries* (11 NY2d 986), the record presented an issue of fact as to decedent's death by suicide or accident, and the resolution of that issue is properly a determination for the board. In these circumstances, the board properly concluded that the statutory presumptions had not been overcome. Contrary to appellants' contentions, the determination of the board was not factually flawed by the Administrative Law Judge's exclusion of the testimony of decedent's former supervisor regarding decedent's personal problems and mental attitude allegedly accruing a month or so before the accident, nor by his refusal to admit the medical examiner's report to show his conclusion that decedent committed suicide. The board's determination is supported by substantial evidence in its reliance on the statutory presumptions and its determination that they have not been overcome. Therefore, the decision should be affirmed. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Mikoll, JJ., concur.