■ In the Matter of the Claim of LINDA WIKTOROWICZ, Respondent, v KIMBERLY-CLARK CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed April 14, 1983, which ruled that claimant's decedent sustained an accidental injury in the course of his employment and awarded benefits. The decedent was hired on September 10, 1979 as a salesperson for the employer. On October 1, 1979, decedent was scheduled to give a sales presentation in Norwich, New York, with his area sales manager, Frank Radack. That morning, decedent met Radack in Syracuse and the two proceeded by automobile to Norwich, with Radack driving and decedent in the passenger seat. While proceeding to Norwich via the New York State Thruway, they discussed the sales presentation and, after a period of silence, Radack noticed that decedent had his back to him with the car door open. Radack immediately slowed down, pulled over, and grabbed decedent by his jacket. Decedent, however, fell out of the vehicle before Radack could come to a full stop. Radack went over to decedent and noticed that decedent was lying inert by the guardrail. Decedent did not respond when Radack called his name. However, as described by Radack and another witness who had stopped to render assistance, decedent "all of a sudden" got up and started running up the center of the highway. Decedent was struck by a truck and killed. The board found that decedent sustained an accident arising out of and in the course of his

employment. This appeal by the carrier and employer ensued. Appellants contend that the only possible inference which can be drawn from the witnessed acts of decedent on October 1, 1979 is that his death was the result of suicide. To further support their contention, appellants point to the uncontroverted evidence that, during 1979, decedent had been under treatment on an outpatient and inpatient basis, for what was classified as a psychotic-depressive reaction. In this regard, decedent had displayed suicidal tendencies. In our opinion, the evidence in this case lends considerable support to appellants' contention. However, the scope of this court's review is limited and, this being the case, we are constrained to affirm. As the board notes, since decedent was within the course of his employment while traveling to his sales meeting on October 1, 1979, two separate presumptions in favor of compensability are applicable. These presumptions are (1) that a death which occurs in the course of employment arose out of that employment (Workers' Compensation Law, § 21, subd 1), and (2) that decedent's death was the result of an accident rather than some willful intention to injure himself (Workers' Compensation Law, § 21, subd 3). Appellants were required to produce substantial evidence to establish that decedent took his own life in order to overcome these presumptions (*Matter of Forbrick v Riverbay Corp.*, 87 AD2d 936). In order to meet their burden, appellants rely on the testimony of Radack, coupled with decedent's medical history. The board determined that neither was sufficient to rebut the statutory presumptions. Here, the record presented an issue of fact as to decedent's death by suicide or accident and the resolution of that issue is a determination for the board (*id.*). As the board notes in its brief, the testimony of Radack fails to explain the underlying cause of this tragic incident. Radack simply did not know how the car door opened or whether decedent fell or jumped out of the car. Further, as decedent was injured in his fall, the board could find that decedent did not know where he was going or that a vehicle was approaching when he ran down the highway. Moreover, there is evidence in the record indicating that decedent had overcome his emotional problems. In sum, the board's determination that the statutory presumptions have not been overcome is supported by substantial evidence and should not be disturbed (*id.;* 1 Larson, Workmen's Compensation Law, § 10.33 [c]). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.