■ In the Matter of the Claim of MAURICE FORREST, Appellant, v GROSSMAN'S LUMBER, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeals (1) from a decision of the Workers' Compensation Board, filed December 28, 1989, which, inter alia, ruled that claimant did not sustain a causally related disability and denied his claim for workers' compensation benefits, and (2) from a decision of said Board, filed July 30, 1990, which denied claimant's application for reconsideration.

On June 6, 1983 claimant, who was 48 years old and employed as a stock-salesperson by the employer, experienced chest pains and shortness of breath while lifting merchandise. The workers' compensation claim, filed on August 29, 1983, was controverted by the employer on the issues of accident,

notice and causal relationship. Following hearings at which physicians testified on behalf of both claimant and the employer, a Workers' Compensation Law Judge disallowed the claim finding that claimant's heart disease was unrelated to his employment. The Workers' Compensation Board rescinded the decision and restored the case for reference to an impartial specialist, who, after examining claimant, reported and testified that in his opinion claimant's long-term angina was due to coronary arteriosclerosis with the presence of exercise-induced angina as a transient but not permanent disability. In its December 28, 1989 decision, the Board found that transient angina had been established but that no causally related disability was present and found no compensable lost time. The case was closed. In a July 30, 1990 decision, claimant's application for reconsideration and full Board review was denied. Claimant has appealed from both decisions.

Of the four doctors who testified, Asher Black opined that claimant sustained a coronary artery injury which was manifested as angina, producing a 50% disability. George Henegar, a surgeon who examined claimant in the emergency room of the hospital where claimant had been taken after he suffered the chest pains, diagnosed him as suffering from angina due to coronary insufficiency but offered no opinion as to causal relationship. Willard Cohen, testifying for the employer, stated that he found arteriosclerotic heart disease, possible old myocardial infarction and angina pectoris, none of which were associated with or contributed to by claimant's employment. David Nash, the Board-appointed impartial specialist, reported that he found angina due to coronary arteriosclerosis with the presence of exercise-induced angina as a transient but not permanent disability. In his testimony, Nash restated the same conclusions and opinion.

Questions of credibility, reasonableness and weight of medical evidence are for the Board to decide (*Matter of Lynch v New York City Hous. Auth.*, 169 AD2d 1029). The testimony of Cohen and Nash amply support the Board's decision despite the contrary opinions expressed by claimant's medical witnesses. It was within the province of the Board to resolve these conflicts in the medical testimony as well as to determine the reasonableness of and the weight and credibility to be given to such testimony (*see, Matter of Vermette v Utica-Oswego Motor Express*, 170 AD2d 731). The proof offered by those doctors comprises substantial evidence to support the decision (*see, supra; see also, Matter of Johnson v New York City Bd. of Educ.*, 169 AD2d 1003; *Matter of Lynch v New*

*York City Hous. Auth., supra),* which we therefore affirm. Finally, we also find that the Board's refusal to reconsider claimant's case was neither an abuse of discretion nor arbitrary and capricious *(see, Matter of Gibbons v Zara Constr. Co.,* 77 AD2d 675, *lv denied* 52 NY2d 705).

Mahoney, P. J., Casey, Mikoll and Harvey, JJ., concur. Ordered that the decisions are affirmed, without costs.