■ In the Matter of the Claim of ELLEN B. ALTMAN, Appellant, v HAZAN IMPORT CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [604 NYS2d 274] — Mahoney, J. Appeal from a decision of the Workers' Compensation Board, filed September 25, 1991, which ruled that claimant's death arose out of and in the course of her employment and awarded workers' compensation benefits.

In our view, substantial evidence supports the determination of the Workers' Compensation Board that claimant's death occurred in the course of her employment. A review of the record establishes that claimant was a handbag designer employed by Hazan Import Corporation, a company which designed and imported handbags. In November 1987, claimant left on a six-week business trip to the Far East accompanied by the company's president, Issac Hazan. It is uncontroverted that the purpose of the trip was to purchase handbag samples, view handbag styles, visit manufacturers and seek out new suppliers. In December 1987, when claimant and Hazan were in Phuket, Thailand, she was killed when the motorbike she was operating went off the road and over a cliff. Hazan, a passenger on the motorbike, was severely injured.

While the company filed an employer's report of the accident on claimant's behalf, her estate opposed the claim for benefits, apparently seeking instead to hold Hazan civilly liable. A hearing ensued whereat Hazan testified that he and

claimant traveled to Phuket, a resort island, to view beach bag styles and were on their way to a strip of shops along Patong Beach when the accident occurred. Claimant's estate attempted to undermine the veracity of Hazan's testimony through the introduction of two translated statements Hazan gave to Thai police in the hospital shortly after the accident which suggested that the visit to Phuket was a brief respite from the business trip for purposes of relaxation. The Board credited Hazan's testimony, prompting this appeal by claimant's estate.

There must be an affirmance. It is beyond dispute that the Board is entitled to assess credibility, even though the hearing was not conducted in its presence (see, Matter of Monteleone v New York State Attica Correctional Facility, 141 AD2d 938, 940), and is the sole and final arbiter of whether the testimony of a particular witness is worthy of belief (see, e.g., Matter of Axel v Duffy-Mott Co., 47 NY2d 1, 8; Matter of Wood v Leaseway Transp. Corp., 195 AD2d 622; Liss v Trans Auto Sys., 109 AD2d 430, 432-433, revd on other grounds 68 NY2d 15; Matter of McCabe v Peconic Ambulance & Supplies, 101 AD2d 679). Moreover, as we have repeatedly stated, we will not interfere with the Board's resolution of conflicting facts even if the evidence rejected by the Board also is substantial (see, e.g., Matter of Morgante v Southeastern Pub. Serv. Co., 98 AD2d 892). Such is the case here. While there is support for the argument that Hazan's testimony is incredible, it is equally evident that his testimony, if credited, along with documentary evidence and other testimonial evidence casting doubt upon the accuracy of the Thai reports, satisfies the requisite threshold of substantiality to support the Board's determination.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.