■ In the Matter of the Claim of LISA BRADY, Appellant, v R. & W. PAVING, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [633 NYS2d 663] —Mikoll, J. P. Appeal from a decision of the Workers' Compensation Board, filed November 8, 1993, as amended by decision filed January 11, 1995.

Robert Brady (hereinafter decedent) was killed on August 17, 1990 as the result of multiple injuries sustained in an accident occurring during the course of his employment as a laborer for an asphalt company. At the time of his death, decedent was 20 years old. Claimant, his widow, filed a timely claim for workers' compensation death benefits. Accident, notice and causal relation were established for decedent's death. Following various proceedings, a Workers' Compensation Law Judge ultimately issued a decision in favor of claimant filed on May 25, 1993, which found that decedent had an average weekly wage of $510 based on wage expectancy. An appeal of this decision by the State Insurance Fund (hereinafter the carrier) was served on June 24, 1993. The Workers' Compensation Board issued a decision ruling that decedent's average weekly wage should be $338.46. In a decision filed January 11, 1995, the Board amended this decision to state that, although the carrier's appeal was untimely, it was accepted in the interest of justice. This appeal by claimant ensued.

Initially, we find no reason on this record to disturb the Board's determination accepting the carrier's appeal which was filed only one day late (*see, Matter of Gulitz v International Bus. Machs. Corp.,* 130 AD2d 874, 875). The Board has broad discretion in deciding whether to entertain an untimely appeal (*cf., Matter of Venezia v Vigliarolo,* 191 AD2d 797, 798). Turning to the merits, it is our view that there is substantial evidence in the record to support the Board's determination as to decedent's average weekly wage. Notably, the fact that decedent was under the age of 25 at the time of his death was

taken into account in determining decedent's wage rate of $11 per hour (*see,* Workers' Compensation Law § 14 [5]; *see also, Matter of Lamiano v Sousa & Sons,* 158 AD2d 818), despite the fact that he was actually earning only $7 per hour as a nonunion seasonal laborer at the time of the accident. The lack of promotional opportunities for someone in decedent's position were attested to at length by his employer and this testimony, as well as other proof, provided substantial evidence for the Board's decision.

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.