◼ In the Matter of the Claim of CONNIE PANAGIOTATOS, Appellant, v EASTMAN KODAK COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [635 NYS2d 313] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed December 1, 1994, which ruled that claimant had no further causally related disability subsequent to October 23, 1989.

Claimant (then age 50) was injured at work on February 25, 1986 when she was struck by a falling metal bar. She sustained injuries to her right arm, right knee and back. Following a hearing before a Workers' Compensation Law Judge (hereinafter WCLJ), accident, notice and causal relationship were established. Claimant received compensation benefits until October 23, 1989.

Claimant thereafter sought additional compensation benefits based on her allegation that her persistent back pain resulted from the February 1986 injury. In the decision on appeal, the Workers' Compensation Board dismissed the claim, holding that claimant had failed to present credible evidence of causality.

At the prior hearing before a WCLJ, conflicting medical testimony was received in evidence. Richard Dellaporta, claimant's physician since 1985, testified that claimant's back pain is attributable to the accident of February 1986, although he conceded that he had not specifically treated claimant for back pain until April 1991. Sewall Miller, claimant's physician since 1988, stated, on the other hand, that he was unable to state whether claimant's back pain is causally related to the accident of February 1986. Also adduced in evidence was the medical report of physician Harry Cole, who had examined claimant in 1990 and thereafter refused claimant's request to attest that her back ailment resulted from the February 1986 accident.

It lies within the province of the Board to resolve conflicts in the testimony of expert medical witnesses (*Matter of Forrest v Grossman's Lbr.*, 175 AD2d 498, *lv denied* 78 NY2d 862), especially in matters where the Board must determine whether a medical expert's testimony has established causality (*see, Matter of Wood v Leaseway Transp. Corp.*, 195 AD2d 622, 623; *Matter of Karatas v Eastman Kodak Co.*, 189 AD2d 959). Our review of the record in this matter, including the conflicting medical testimony, discloses that there was substantial evidence to support the Board's conclusion that claimant was no longer suffering from a causally related injury.

Claimant also contends that the employer failed to rebut the presumption of causal relationship raised by Workers' Compensation Law § 21 (5), i.e., that in the absence of "substantial evidence to the contrary", medical reports introduced in evidence by a claimant constitute prima facie evidence of their contents (Workers' Compensation Law § 21 [5]). This contention is unavailing here as there was countervailing substantial evidence presented by the testimony of physician Miller that rebutted the contents of those parts of claimant's medical records which supported her claim.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.