■ In the Matter of the Claim of FRANK DILIBERTO, Appellant, v HICKORY FARMS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [653 NYS2d 192] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed August 4, 1995, which, *inter alia,* ruled that claimant did not sustain a causally related disability.

Claimant was injured at work on December 30, 1987 when he was moving certain items into storage. Initially, he sought workers' compensation benefits for injuries to his neck, shoulder blade and left arm. A hearing was held after which accident, notice and causal relationship were established for claimant's back and neck. Following a second hearing, the findings were expanded to include the lower back. The employer and its insurer (hereinafter collectively referred to as the employer) disputed the finding with respect to the lower back. Further hearings were held and medical testimony was taken. A Workers' Compensation Law Judge concluded that claimant's lower back injury was causally related to the December 30, 1987 accident. Ultimately, however, the Workers' Compensation Board disallowed the claim regarding claimant's lower back, concluding that there was no credible medical evidence to support a finding of causal relationship.

The Board's decision should be affirmed. It was for the Board to resolve conflicts in the testimony of expert medical witnesses (*see, Matter of Forrest v Grossman's Lbr.,* 175 AD2d 498, *lv denied* 78 NY2d 862). This is especially true where the Board is required to decide whether the expert testimony establishes causality (*see, Matter of Panagiotatos v Eastman Kodak Co.,* 222 AD2d 877). Here, the medical evidence, including testimony from the employer's specialist, an orthopedic surgeon, indicated that claimant's lower back injury was not causally related to the December 1987 accident. In addition, claimant did not complain of lower back pain until April 1989, approximately 16 months after the accident. One of claimant's own experts

admitted that he could not "go on record saying that if 16 months passes between the injury * * * and the first reported complaint * * * I can't say they were causally related". Another expert for claimant, his chiropractor, testified that he did not feel the back problems complained of in 1989 were related to the 1987 injury. This testimony, along with the record evidence, provides substantial evidence to support the Board's finding that claimant did not suffer a causally related disability of the lower back (*see, Matter of Karatas v Eastman Kodak Co.*, 189 AD2d 959). Claimant's remaining arguments have been reviewed and rejected as unpersuasive.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.