■ In the Matter of the Claim of EMMA BRODER, Appellant, v CITY OF NEW YORK, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [657 NYS2d 473] —Appeal from a decision of the Workers' Compensation Board, filed February 16, 1996, which ruled that claimant's decedent did not sustain an accidental injury in the course of his employment and denied her claim for workers' compensation benefits.

Claimant's decedent suffered a stroke at work and died several days later. The Workers' Compensation Board ruled that decedent's death was not causally related to his work activities as a computer programmer and, accordingly, denied claimant's claim for workers' compensation benefits. As an initial matter, we find no reason to disturb the Board's determination to review the employer's untimely appeal. The Board has broad discretion to entertain an untimely appeal and our review of the record discloses that such discretion was not abused here (see, Workers' Compensation Law §§ 22, 123; 12 NYCRR 300.30; see also, Matter of Brady v R. & W. Paving, 221 AD2d 731).

We further find that the testimony of the employer's medical expert provided substantial evidence to support the Board's determination that decedent's stroke was not causally related to his employment. While claimant's medical expert testified to the contrary, the resolution of conflicting medical testimony lies within the province of the Board (see, Matter of Forrest v Grossman's Lbr., 175 AD2d 498, 499, lv denied 78 NYS2d 862).

Mikoll, J. P., Crew III, White, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.