■ In the Matter of the Claim of BERNARD J. GRUCZA, Appellant, v WASTE STREAM TECHNOLOGY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [676 NYS2d 336] —White, J. Appeal from a decision of the Workers' Compensation Board, filed May 5, 1997, which ruled that claimant did not sustain a causally related disability and denied his claim for workers' compensation benefits.

On December 15, 1992, claimant, a 50-year-old chemist

employed by Waste Stream Technology, allegedly fell down a flight of stairs at his place of employment. He purportedly sustained back, head and neck injuries as a result, but his claim for workers' compensation benefits was contested by the employer's worker's compensation carrier which raised issues of accident, causal relationship and alleged disability. The carrier's main contention was that claimant staged the accident since he was about to be terminated for misrepresenting his academic qualifications and failing to notify his employer of a prior felony record.

At the hearing claimant testified that he tripped on a piece of stair tread and fell down approximately 12 steps. A receptionist, who was located close to the stairwell, testified that shortly after claimant went through the doorway toward the stairwell, she heard what sounded like a hollow object bouncing down the stairs, a noise more like a container rather than a body falling. Upon investigation she found claimant lying on a landing but did not observe any signs of physical injury. In addition, claimant's supervisor, a registered emergency medical technician, whose office was approximately 12 feet from the stairwell, stated that he heard nothing at the time of the alleged fall. Called to the scene, he observed no signs of contusions, abrasions, swelling or bleeding, and upon checking claimant's reflexes found them to be normal. The company vice-president also observed claimant at the scene and noted no presence of bruises, lacerations, cuts or bleeding. He further testified that claimant had prior back problems which had resulted in his taking time off from work. In addition, he testified that claimant was notified on December 3, 1992 that he would be terminated at the end of the month as a result of an investigation in which the employer had learned that claimant had pleaded guilty to a larceny involving embezzlement of a substantial amount of funds and also had claimed to have a Master's degree when, in fact, he possessed neither a Master's degree nor a Bachelor's degree.

Claimant called four physicians, two of whom testified that they had treated claimant within a few days of the alleged accident but neither found any external signs of contusions or abrasions. The medical proof further presented conflicting evidence as to whether claimant suffered from myelopathy and/or radiculopathy and, if so, whether these conditions were causally related to the accident. The Workers' Compensation Law Judge found that the accident and notice of causal relationship was established and although there was substantial disagreement among the physicians as to the diagnosis, causal relationship and degree of disability, made an award to claimant.

Both parties appealed to the Workers' Compensation Board and, after reviewing the case, the Board found that claimant did not sustain an accident within the meaning of the Workers' Compensation Law. The Board based its finding on the testimony of coemployees and the fact that no external signs of bruises or contusions were observed. The Board further noted that a negative myelogram ruled out fracture or dislocation from a fall and there was no clear evidence of a spinal cord contusion. The Board then disallowed claimant's claim and he now appeals.

Even though there may be evidence which might indicate a contrary conclusion, the decision of the Board must be affirmed if substantial evidence is presented to support the Board's finding (*see, Matter of Kurzyna v Communicar, Inc.*, 182 AD2d 924, *lv denied* 80 NY2d 754). Where there is conflicting evidence regarding the occurrence of an accident or the causal relationship to the injury, it is solely within the province of the Board to resolve the disputed facts, even if the evidence rejected by the Board is also substantial (*see, Matter of Altman v Hazan Import Corp.*, 198 AD2d 674). Further, in resolving conflicting medical proof the Board may selectively adopt or reject portions of a medical expert's testimony (*see, Matter of Broder v City of New York*, 239 AD2d 781, *lv denied* 90 NY2d 805; *Matter of Smith v Bell Aerospace*, 125 AD2d 140).

Here, the testimony of nearby employees and two physicians, along with conflicting medical testimony and questions of claimant's credibility, which the Board is empowered to resolve, provides substantial evidence to support the Board's finding (*see, Matter of Berry v New York City Bd. of Educ.*, 239 AD2d 637). In addition, we note that substantial medical evidence was presented to support a finding that the alleged accident did not cause the injury claimed.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.