■ In the Matter of the Claim of ROBERT S. MOOREHEAD, Respondent, v UNION PRESS COMPANY, Appellant, and GRAPHIC ARTS MUTUAL INSURANCE COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [687 NYS2d 753] —Graffeo, J. Appeal from a decision of the Workers' Compensation Board, filed April 18, 1996, which ruled, *inter alia,* that the employer had violated Workers' Compensation Law § 50.

The employer contends that the Workers' Compensation Board erred in finding that the workers' compensation insurance policy issued to the employer by its insurance carrier expired on October 1, 1992 and that therefore the employer failed to have a policy of workers' compensation insurance in effect on August 12, 1993 when claimant was injured. The employer relies upon the general rule that coverage is deemed to continue absent strict compliance with the statutory requirements of Workers' Compensation Law § 54 (5) concerning cancellation (*see, Matter of Zapata v DRI, Ltd.,* 195 AD2d 684). In *Matter of Case v State Ins. Fund* (72 NY2d 992, 993), however, the Court concluded that "failure to establish strict compliance in the cancellation of a policy does not result in the automatic renewal of the policy in perpetuity, when the record discloses a course of conduct and intent by both the insured and the carrier not to renew subsequent to the policy expiration".

The evidence in the record demonstrates that, in January 1992, the agency through which the employer obtained insurance advised the employer that, as a result of the employer's failure to make premium payments due from the preceding six-month period, the agency had requested that the appropriate insurance carriers cancel the employer's workers' compensation and business auto policies. The workers' compensation carrier attempted to cancel the policy effective March 7, 1992 and, by letter dated March 10, 1992, the agency advised the employer that the workers' compensation and business auto policies had been canceled. The agency requested that the employer remit the amount due on past premiums.

A representative of the agency testified that, as a result of the agency's collection efforts, the employer made periodic payments on the past due account beginning in October 1992, with the account satisfied by the agency's receipt of the last payment in August 1993. The representative also testified that, in April 1992, he advised the employer that the workers' compensation carrier had refused to renew or reinstate the policy and

the employer did not thereafter request renewal. He also explained that, contrary to the procedure followed in prior years when the policy was renewed, he did not meet with the employer before the October 1, 1992 policy expiration date to obtain payroll figures to be used by the carrier in renewing the policy, the carrier did not conduct an audit of the employer's payroll and no new policy was issued to the employer.

The Board concluded that the insurance carrier failed to properly cancel the workers' compensation policy effective March 7, 1992 and "this failure caused the policy to remain in force until it ceased by its own terms on [October 1, 1992]". The employer contends that its payments to the agency subsequent to the October 1, 1992 expiration date preclude a finding of a course of conduct and intent by both the insured and the carrier not to renew, as required by *Matter of Case v State Ins. Fund* (72 NY2d 992, 993, *supra*). The record establishes, however, that the employer's payments to the agency after the policy's expiration date were made on account of past due premiums and not for workers' compensation coverage subsequent to the policy's expiration date. Based upon "the uncontroverted evidence that the policy was never renewed", the Board's conclusion that coverage expired on October 1, 1992 will not be disturbed (*id.*, at 994). The credibility of the testimony of the employer's vice-president that he believed the employer had continuing workers' compensation coverage was a matter for the Board to determine (*see, Matter of Altman v Hazan Import Corp.*, 198 AD2d 674, 675). In light of the evidence that the employer's payments to the agency after the policy's expiration date were made on account of past due premiums and not for continuing workers' compensation coverage, the employer's estoppel argument also lacks merit.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, with costs to Graphic Arts Mutual Insurance Company against Union Press Company.