■ In the Matter of the Claim of MARGARET DEVIVO, Appellant, v SIZZLER RESTAURANT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [699 NYS2d 514] —Yesawich Jr., J. Appeal from a decision of the Workers' Compensation Board, filed July 30, 1998, which denied claimant's application for full Board review.

Claimant sought workers' compensation benefits alleging that she injured her back and arm after she slipped and fell at her place of employment on July 22, 1993. After a hearing, by decision filed March 27, 1997 the Workers' Compensation Law Judge allowed the claim, authorized treatment of her symptoms and directed the carrier to pay claimant's medical bills. On appeal by both parties, a panel of the Workers' Compensation Board, by a decision filed October 28, 1997, found no credible evidence in the record that claimant's accident arose out of or in the course of her employment and reversed the Workers' Compensation Law Judge. Claimant's subsequent request for

full Board review was denied on July 30, 1998 and claimant appeals.

Nothing in the record suggests that claimant had other than timely notice of the Board's October 28, 1997 decision and yet did not file her notice of appeal until August 17, 1998, well beyond the statutorily prescribed period for doing so (*see*, Workers' Compensation Law § 23). And inasmuch as claimant's request for review by the full Board did not, as she contends, toll the statutory time for filing an appeal, her appeal must be dismissed (*see, Matter of Stabak v ISS Intl.*, 248 AD2d 814, *lv dismissed, lv denied* 92 NY2d 891; *Matter of Dukes v Capitol Formation*, 213 AD2d 756, *lv dismissed* 86 NY2d 810, 87 NY2d 891). Were we to reach the merits of claimant's appeal, we would nevertheless affirm for the record contains substantial evidence supportive of the Board's finding.

Where the evidence is conflicted "regarding the occurrence of an accident or the causal relationship to the injury, it is solely within the province of the Board to resolve the disputed facts, even if the evidence rejected by the Board is also substantial" (*Matter of Grucza v Waste Stream Technology*, 252 AD2d 901, 903; *see, Matter of Altman v Hazan Import Corp.*, 198 AD2d 674, 675). The record here is replete with inconsistencies which the Board resolved against claimant; notably, the Board not unfairly concluded that the alleged accident did not happen at the place, on the date or in the manner attested to by claimant.

Further, we are not persuaded that the Board erred in denying her plea for full Board review. That request was premised upon a claim that she had come into possession of newly discovered evidence (*see*, 12 NYCRR 300.14 [a] [1]; *Matter of Dukes v Capitol Formation, supra*, at 757). The evidence on which claimant relies, however, consists of an affidavit and an unsworn letter which were intended to clarify that the chiropractic treatment claimant received for her injury was furnished after the date claimant averred that the accident had occurred and not before, as the doctor's earlier report indicated. While this evidence may indeed have been newly obtained, it certainly was not newly discovered. Accordingly, denial of full Board review was not inappropriate.

Cardona, P. J., Mikoll, Mercure and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.