■ In the Matter of the Claim of Estrella Castillo, Respondent, v Bank of Nova Scotia et al., Appellants. Workers'

COMPENSATION BOARD, Respondent. [702 NYS2d 448] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed June 16, 1998, which ruled that claimant sustained an accidental injury arising out of and in the course of employment.

Claimant, a clerk, was injured when she stood up from her desk to deliver a facsimile transmission, became dizzy and fell to the floor. The day before her fall, claimant had returned to work from a leave of absence following a valvuloplasty procedure five months earlier to treat mitral valve stenosis. At the conclusion of the hearing that followed, a Workers' Compensation Law Judge rejected claimant's testimony that she slipped on a ballpoint pen and concluded that claimant fell solely as the result of dizziness caused by the preexisting mitral valve stenosis. The Workers' Compensation Board disagreed, finding that claimant's dizziness occurred when claimant's performance of her regular duties, which were contraindicated by her treating physician, acted upon the preexisting condition which, in turn, made her susceptible to transient ischemic attacks. The employer and its workers' compensation insurance carrier now appeal.

The employer and carrier contend that the Board's decision is not supported by substantial evidence. We cannot agree. Claimant's treating physician testified that upon returning to work, claimant was restricted to "desk work, no lifting, no running around, if possible" and his report stated that claimant's return to work was "limited to sitting down or desk job". Although the employer was aware of such restrictions, claimant's supervisor, upon informing the personnel department that no desk work was available for claimant, was instructed to have claimant perform her regular duties, which required claimant to deliver documents throughout the office—a task that clearly exceeded the scope of the physician's restrictions. Additionally, the employer and carrier concede that claimant's preexisting condition made her susceptible to dizzy spells or transient ischemic attacks. Under such circumstances, and in view of the Board's authority to weigh the medical evidence and draw appropriate inferences therefrom (*see, Matter of Patnode v Rome Dev. Ctr.*, 150 AD2d 868, 870), we find that the Board's decision is supported by substantial evidence in the record as a whole, despite the existence of evidence to support a contrary conclusion (*see, Matter of Grucza v Waste Stream Technology*, 252 AD2d 901, 903).

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.