Mercure, J. P., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.

■ In the Matter of the Claim of JEAN A. MACKENZIE, Appellant, v MANAGEMENT RECRUITERS et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [706 NYS2d 247] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed May 6, 1998, which ruled that claimant's injuries were the result of her deliberate intention to injure herself and denied her claim for workers' compensation benefits.

On March 5, 1992 claimant, age 43, an office manager employed by Management Recruiters, was injured when an automobile she was operating collided with a tree in the Town of Marbletown, Ulster County. Her automobile was traveling eastbound when it crossed into the oncoming westbound lane and struck a tree on the north side of the road. There were no known witnesses to the accident or other known vehicles involved, and claimant had no recollection of the accident. The employer's workers' compensation insurance carrier contested her claim for worker's compensation benefits, claiming, *inter alia*, that the alleged injury was not causally related to her employment and was willfully caused by claimant (*see*, Workers' Compensation Law § 10).

After a hearing, the Workers' Compensation Law Judge disallowed the claim, concluding that the only reasonable explanation for this accident was claimant's willful intent to injure herself. While a panel of the Workers' Compensation Board initially reversed the decision of the Workers' Compensation Law Judge and concluded that the carrier had not overcome the presumptions in Workers' Compensation Law § 21, upon reconsideration the same panel reversed itself and disallowed the claim, concluding based upon the same summary of the record that the injuries came about as a result of claimant's deliberate intent to injure herself and that the presumption had been overcome. On claimant's appeal, we affirm.

The conflicting evidence in this case presented a classic question of fact for the Board's resolution as to whether claimant's injuries were the result of a compensable accident or subject to disallowance as occasioned by claimant's willful intent to injure herself (*see, Matter of Forbrick v Riverbay Corp.*, 87 AD2d 936, 937; *see also, Matter of Grucza v Waste Stream Technology*, 252 AD2d 901, 903; *Matter of Wiktorowicz v Kimberly-Clark Corp.*, 99 AD2d 903, 904, *lv denied* 62 NY2d 605). Notably, "[w]here there is conflicting evidence regarding the occurrence of an accident * * * it is solely within the province of the Board to

resolve the disputed facts, even if the evidence rejected by the Board is also substantial" (*Matter of Grucza v Waste Stream Technology, supra*, at 903; *see, Matter of DeVivo v Sizzler Rest.*, 267 AD2d 545, 546; *Matter of Paduano v Thompson Roofing Co.*, 71 AD2d 737).

Although where, as here, an accident is unexplained and unwitnessed, there is a presumption that it was not the result of claimant's willful intent to injure herself, that presumption is not a substitute for proof and may be overcome upon presentation of "substantial evidence to the contrary" (Workers' Compensation Law § 21 [3]; *see, Graham v Nassau & Suffolk Light. Co.*, 308 NY 140, 143; *Matter of Wiktorowicz v Kimberly-Clark Corp., supra*; *Matter of Paduano v Thompson Roofing Co., supra*; *Matter of Beeler v Hildan Crown Container Corp.*, 26 AD2d 163, 164). Upon our review of the conflicting evidence, we find substantial evidence to support the Board's ultimate conclusion.

The evidence at the hearing established that the accident occurred on a straight section of road on a clear and sunny day, the road was dry, there was no evidence that claimant's automobile malfunctioned and there were no skid marks to indicate claimant took evasive action. In reaching its conclusion, the Board cited the testimony of the carrier's accident reconstructionist that at the time of the accident claimant was traveling 48 to 50 miles per hour in a 35 mile-per-hour speed zone, that the intersection where it occurred was not particularly dangerous and that she would have been able to see and avoid a vehicle entering from the side road without hitting the tree. He calculated that the distance traveled by claimant's vehicle from the time she left her lane to the point of impact was 336 feet, allowing claimant sufficient time to stop, and that she had almost three times the distance necessary to safely stop her vehicle before a collision with any possible vehicle emerging from the side road; he concluded that the accident was not the result of an avoidance maneuver.

The Board also relied on the reports and testimony of two psychiatrists, one of whom examined claimant and both of whom reviewed her psychiatric records—including her hospitalization for which she was discharged just 15 days prior to the accident—reflecting that she suffered serious psychotic illness, characterized by paranoid delusions along with depressive symptoms. She had a history of medication noncompliance and continued to have psychotic thoughts following her recent discharge. Both opined that patients with claimant's psychiatric illnesses are known to be suicidal and were of the view that

her accident was deliberate and nonaccidental, the result of delusional and suicidal thinking. They discounted the effects that her medications might have had on her driving skills, assuming that she was taking them. In contrast, claimant did not submit any medical testimony or evidence to controvert the psychiatric evidence.

On her appeal, claimant cites evidence tending to support her accident theory including, among others, that she was wearing a seat belt, that she testified to her religious-based opposition to suicide, that her medications may have caused drowsiness, that she was medicine compliant and that the subject intersection was dangerous. Contrary to claimant's contentions, the carrier was not required to exclude all other possible nondeliberate, accidental explanations for this accident in order to overcome the statutory presumption contained in Workers' Compensation Law § 21 (3). Rather, where, as here, the Board is presented with conflicting evidence raising a question of fact as to whether claimant's injuries were the result of an accident or the product of her deliberate, willful intent to harm herself, the Board's factual determination that it was a deliberate act will be affirmed where it is supported by substantial evidence which overcomes the accident presumption, even if there is substantial evidence to the contrary (see, Graham v Nassau & Suffolk Light. Co., 308 NY 140, 143, supra; Matter of DeVivo v Sizzler Rest., 267 AD2d 545, 546, supra; Matter of Grucza v Waste Stream Technology, 252 AD2d 901, 903, supra; Matter of Paduano v Thompson Roofing Co., 71 AD2d 737, supra; Matter of Beeler v Hildan Crown Container Corp., 26 AD2d 163, supra; Matter of Glaubach v Wallach & Wallach, 24 AD2d 780; cf., Matter of Wiktorowicz v Kimberly-Clark Corp., 99 AD2d 903, 904, supra; Matter of Forbrick v Riverbay Corp., 87 AD2d 936, 937, supra).

Moreover, the Board was entitled to assess the credibility of the witnesses (see, Matter of Altman v Hazan Import Corp., 198 AD2d 674, 675) and to weigh the medical evidence and draw appropriate inferences therefrom (see, Matter of Castillo v Bank of Nova Scotia, 268 AD2d 906, 907; Matter of Grucza v Waste Stream Technology, supra, at 903). Here the testimony and reports of, inter alia, the accident reconstructionists, the psychiatrists and the officer who first responded to the scene of the accident provide substantial evidence to support the Board's determination that the claim is disallowed by Workers' Compensation Law § 10.

Finally, we find no abuse of discretion in the Board's determination to reopen and rescind its prior determination and re-

verse itself (*see,* Workers' Compensation Law § 123; *see also, Matter of Rusyniak v Syracuse Flying School,* 37 NY2d 384, 386).

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.