■ In the Matter of the Claim of PETER T. OWENS, Appellant, v VILLAGE OF ELLENVILLE POLICE DEPARTMENT, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [721 NYS2d 135] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed March 25, 1998, which ruled that claimant did not sustain an accidental injury in the course of his employment and denied his claim for workers' compensation benefits.

In December 1995, claimant filed a claim for workers' compensation benefits based upon a back injury which allegedly occurred two months earlier during the course of his work as a police officer. According to claimant, the injury occurred when he assisted fire department personnel in clearing the branches of a storm-damaged tree from a street. He testified that he arrived at the scene at about 1:00 P.M. and assisted in the tree-clearing activity until it was completed between 3:00 P.M. and 3:15 P.M. Although claimant's testimony was supported by some evidence, including the testimony of one firefighter and another witness, a number of witnesses, including the Mayor and several firefighters, testified that they saw claimant at the scene but did not see him assist in the clearing of branches. Three witnesses also testified that claimant made statements to them which were inconsistent with his claim regarding the manner in which he sustained the injury. The Workers' Compensation Board concluded that the claim was not credible and denied benefits, prompting this appeal by claimant.

Contrary to claimant's argument, the Board did not reject

unanimous medical evidence on the issue of causation and form its own opinion on that issue. It is clear from the record that the medical evidence of a work-related injury is based on claimant's description of the onset of symptoms after his strenuous participation in the tree-clearing activity. The record, however, contains conflicting testimony as to whether claimant did in fact participate in that activity to the extent claimed. As "the sole and final arbiter of whether the testimony of a particular witness is worthy of belief" (*Matter of Altman v Hazan Import Corp.*, 198 AD2d 674, 675), "[t]he Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (*Matter of Marshall v Murnane Assocs.*, 267 AD2d 639, 640, *lv denied* 94 NY2d 762). Accordingly, there is no basis to disturb the Board's rejection of the evidence supporting claimant's contention that he sustained his injury while participating in the work-related tree-clearing activity (*see, Matter of Myers v Eldor Contr. Co.*, 270 AD2d 671), for this Court "will not interfere with the Board's resolution of conflicting facts even if the evidence rejected by the Board also is substantial" (*Matter of Altman v Hazan Import Corp.*, *supra*, at 675).

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.