■ In the Matter of the Claim of ANGEL HERNANDEZ, Respondent, v NATIONAL MANAGEMENT CONSULTANTS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [725 NYS2d 754] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed September 24, 1999, which ruled, *inter alia,* that claimant had established an accident and causal relationship for a cerebrovascular accident and made an award of workers' compensation benefits.

Claimant, a building superintendent, is totally disabled as a result of a cerebrovascular accident (hereinafter CVA) suffered in August 1992. Seeking workers' compensation benefits, claimant filed a claim in which he alleged that he had hit his head on a pipe at work. He testified that on the day of the CVA, he

hit his head when he fell from a ladder while working on a boiler. His treating physician, who also testified, concluded that the CVA was causally related to the head injury. The Workers' Compensation Board ultimately concluded that claimant had established accident, notice and causal relationship for the CVA, prompting this appeal by the employer and its workers' compensation carrier.

While the history given by claimant as reported in the hospital records contains no mention of a fall or head trauma, the history as reported by one physician refers to claimant's fall from a ladder and another refers to a fall on steps (the record reveals that the Spanish word for ladder and stairs is the same). In addition, although claimant testified that he had no history of hypertension, his medical records demonstrate a lengthy history of inadequately treated hypertension. Based upon these inconsistencies and the lack of specificity in the factual findings of the Workers' Compensation Law Judge adopted by the Board, the employer and its carrier argue that the Board's decision is inadequate. We disagree.

Worker's Compensation Law § 23 requires that the Board's decision be in writing and include the facts upon which the determination was based (*see, Matter of Parella v Harrod Steel Erection Co.*, 19 AD2d 451, *lv denied* 13 NY2d 600). The Board decision dated September 24, 1999 states that it was based on the testimony of claimant and his treating physician thereby sufficiently complying with the requirements of the statute. Despite the inconsistencies, it is apparent that the Board accepted claimant's testimony that he fell and struck his head while working. Although the factual findings adopted by the Board could have been more specific, it is readily apparent that, in the exercise of its authority to assess credibility (*see, Matter of Altman v Hazan Import Corp.*, 198 AD2d 674), the Board credited this testimony, which together with the testimony of claimant's treating physician, provide substantial evidence to support a finding of accident and causal relationship. There is no basis to disturb the Board's decision despite the existence of substantial evidence which would support a contrary result (*see, Matter of Castillo v Bank of Nova Scotia*, 268 AD2d 906). The fact that the preexisting hypertension may have contributed to claimant's CVA does not require a different conclusion than that reached by the Board (*see, Matter of Geed v Sullivan County Sheriff's Dept.*, 266 AD2d 594).

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.