■ In the Matter of the Claim of KRYSTYNA MALISZEWSKA, Respondent, v JADWIGA THRUN DUPUY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [734 NYS2d 278] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed September 7, 2000, which, *inter alia*, ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

In January 1996, claimant, a domestic employee of Rene Dupuy and Jadwiga Thrun Dupuy (hereinafter the employers), and the employers' young child, for whom claimant was caring, were struck by an out-of-control automobile. Tragically, the child was killed and claimant suffered massive injuries to her legs requiring repeated surgeries that ultimately included amputation of her right leg. Claimant applied for workers' compensation benefits in January 1997. After hearings at which the primary issue was whether claimant had worked at least 40 hours a week for the employers· (*see*, Workers'

Compensation Law § 2 [4]; § 3 [1] [Group 12]), the Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant was covered by workers' compensation and awarded her benefits. Upon review, the Workers' Compensation Board affirmed the WCLJ's decision. The employers appeal.

We find no merit in the employers' initial contention that the Board's determination is fatally defective because it was based on an incomplete record. Although the Board was required to receive and retain evidence (*see*, 12 NYCRR 300.7 [c]; 300.9, 300.13 [d]), its failure here to review four exhibits that were inadvertently separated from the claim file does not compel reversal. The hearing transcripts, which were reviewed by the Board, contain all the information that would have been conveyed by the missing photographs and paychecks. Since the Board thus had an opportunity to review and weigh all the pertinent information, and since the pivotal issue of how many hours claimant had been working for the employers ultimately turned on witness credibility, we find no reversible error.

Similarly unpersuasive is the employers' argument that the Board's decision is flawed because it merely adopts the WCLJ's findings of fact and assessment of witness credibility. Workers' Compensation Law § 23 provides that each Board decision shall include a "statement of the facts which formed the basis of its action on the issues raised." Here, the Board expressly stated that it had reviewed the entire record, testimony and evidence presented, and agreed with the WCLJ's findings of fact and resolution of witness credibility. The Board has "broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (*Matter of Myers v Eldor Contr. Co.*, 270 AD2d 671, 672). Based on our review of the record, we find that the Board's decision sufficiently complied with Workers' Compensation Law § 23 (*see, Matter of Hernandez v National Mgt. Consultants*, 284 AD2d 611, 612).

We also reject the employers' contention that it was an abuse of the the WCLJ's discretion to preclude their proposed rebuttal witness. The employers assert that the witness, the superintendent of the building where Jadwiga Thrun Dupuy worked, would have authenticated an office floor plan previously introduced and described the availability of a service elevator, thus further demonstrating that Jadwiga Thrun Dupuy could have left her office at earlier times despite the contrary testimony of another witness. The WCLJ granted the employers an adjournment to secure this witness's attendance, but the witness failed to appear when the matter was reconvened.

Given that the employers were not deprived of an opportunity to present evidence regarding Jadwiga Thrun Dupuy's work hours, we perceive no abuse of the WCLJ's discretion in thereafter precluding the proposed testimony (*see, Matter of La Fave v St. Lawrence County*, 283 AD2d 790, 791; *Matter of Schulman v Lederle Labs.*, 232 AD2d 684; *Matter of Kendle v Colonie Masonry Corp.*, 199 AD2d 701).

Mercure, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.