In the Matter of the Claim of EDWINA MOORE, Appellant, v J & R VENDING CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. (Proceeding No. 1.) In the Matter of the Claim of EDWINA MOORE, Appellant, v MORRISON'S HEALTHCARE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. (Proceeding No. 2.) [747 NYS2d 611] —Peters, J.

Claimant injured her neck on February 12, 1996 when she lifted a case of soda while working for J & R Vending Corporation. She received an award of workers' compensation benefits due to this injury. Thereafter, on November 1, 1996, while she was employed as a dining room supervisor for Morrison's Healthcare, claimant allegedly injured her back when a

chair slipped from underneath her. On May 5, 1997, claimant filed a claim for workers' compensation benefits in connection with this injury. Following a hearing, a Workers' Compensation Law Judge disallowed benefits, concluding that claimant did not sustain an accidental injury to her back in the course of her employment on November 1, 1996 and also did not have a further causally related disability to her neck as a result thereof. The Workers' Compensation Board affirmed this decision, resulting in this appeal.

Based upon our review of the record, we find that substantial evidence supports the Board's decision. Turning first to the Board's finding that claimant did not sustain an accidental injury to her back on November 1, 1996, there was conflicting proof on this issue. Claimant testified that, at the time of the incident, she told her supervisor that she had not been injured and refused an offer of medical assistance. She stated, however, that she sought medical treatment a few days thereafter and was unable to return to work as a result of an injury to her back. Nevertheless, claimant did not file a claim for workers' compensation benefits until May 5, 1997 and indicated on that form that she stopped working due to the back injury on April 11, 1997. Moreover, the C-4 reports filed by her treating orthopedist indicate that claimant first received treatment for the back injury on May 1, 1997. Notably, claimant stopped receiving unemployment insurance benefits in May 1997. In view of the above, as well as the numerous inconsistencies in claimant's testimony, and considering that it is the province of the Board to decide matters of witness credibility (*see Matter of Harris v Revere Copper Prods.*, 294 AD2d 792, 793; *Matter of Owens v Village of Ellenville Police Dept.*, 280 AD2d 786, 787), we find no reason to disturb the Board's decision. Contrary to claimant's assertion, the evidence before the Board was adequate to support its decision and additional testimony and documentation from Morrison's Healthcare was unnecessary.

Turning next to the Board's finding that claimant did not have a further causally related disability to her neck, the medical evidence adduced at the hearing does not substantiate such a claim. Claimant's treating orthopedist stated that while claimant complained of pain, his examinations disclosed no spasm or deficiencies in range of motion. Although an MRI revealed that claimant had a herniated disc in her neck, he opined it was unlikely that it was caused by a fall to the sacrum. Similar clinical findings were made by the workers' compensation carrier's physician who further concluded that it

was impossible to determine which incident, if either, caused claimant's disc herniation. Accordingly, the Board's decision must be upheld (*see Matter of Diliberto v Hickory Farms*, 236 AD2d 663).

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.