■ In the Matter of the Claim of MARGARET STRASSBERG, Appellant, v HILTON HOTEL CORPORATION, Doing Business as WALDORF ASTORIA HOTEL, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [749 NYS2d 624] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed March 18, 1999, which ruled that claimant did not sustain an accidental injury and denied her claim for workers' compensation benefits.

On June 30, 1992, while working as a cocktail waitress at the Waldorf Astoria Hotel, claimant collided with a coworker, fell to the floor and allegedly suffered injuries to her neck and back for which she sought workers' compensation benefits. After a November 2, 1992 hearing, where claimant provided the sole testimony, a Workers' Compensation Law Judge (hereinafter WCLJ) found accident, notice and causal relationship. This finding was subsequently affirmed by the Workers' Compensation Board. The self-insured employer then sought to reopen the matter arguing that claimant willfully caused her alleged

injuries (*see* Workers' Compensation Law §§ 10, 21 [3]). Upon reconsideration, the Board reversed itself and directed that the WCLJ allow the employer to produce evidence on the issue of whether claimant willfully intended to cause her alleged injuries.

At a subsequent hearing, in addition to further testimony by claimant, the employer submitted evidence which indicated that claimant had previously been terminated for the mishandling of guest checks and the matter had proceeded to union arbitration. Although the arbitrator found that the proof did not rise to a level which would justify claimant's termination, he was "not impressed by her demeanor or her attitude toward her job." Claimant was put on notice that any further disciplinary action could result in "summary discharge." The employer also submitted evidence that at least two additional complaints had been received regarding claimant prior to the date of the incident and that she had been told to report to personnel towards the end of her shift that day. After considering claimant's inconsistent testimony and disciplinary history, the WCLJ found that claimant's testimony lacked credibility. As a consequence, there was insufficient proof of an accident arising out of and in the course of employment and the matter was closed in favor of the employer. Claimant appealed this decision and the Board affirmed.

Although Workers' Compensation Law § 21 (3) provides a presumption that an injury is not caused by the willful conduct of the employee, such a presumption cannot be "a substitute for proof" (*Matter of MacKenzie v Management Recruiters*, 271 AD2d 822, 823, *lv denied* 95 NY2d 768). Furthermore, the presumption cannot be used to establish the incident of accident itself (*see Matter of McCormack v National City Bank of N.Y.*, 303 NY 5, 11). The record presented a clear issue of fact for resolution by the Board as to whether an accident occurred or whether claimant intentionally injured herself (*see Matter of MacKenzie v Management Recruiters, supra* at 822; *Matter of Wiktorowicz v Kimberly-Clark Corp.*, 99 AD2d 903, 904, *lv denied* 62 NY2d 605; *Matter of Forbrick v Riverbay Corp.*, 87 AD2d 936, 937), and the Board's determination of claimant's credibility, together with other evidence in the record indicating that she had a motive for staging the alleged accident, provide substantial evidence to overcome the presumption (*see Matter of Di Maria v Ross*, 52 NY2d 771, 773).

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.