In the Matter of the Claim of HERBERT L. JOHNSON, Respondent, against GRISTEDE BROTHERS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision and award of the Workmen's Compensation Board which allowed compensation to the claimant for disability. The only question involved is whether or not claimant's disability was the result of an accidental injury. The employer operated a chain of grocery stores, and claimant's duties as a maintenance man required him to make general repairs to equipment. On the occasion involved here claimant was required to repair by soldering several holes in the galvanized floor of a refrigerated vegetable storage box. The temperature inside the box was approximately forty degrees F. The temperature outdoors was approximately seventy-five degrees F. Claimant was thus occupied for one hour and a half, leaving and re-entering the box on occasions to get tools and materials. He thus exposed himself to extremes of heat and cold. Thereafter he suffered chills and an upper respiratory infection which developed into pulmonary tuberculosis. This condition is causally connected with the exposure by medical testimony. It appears that the exposure was unusual in that this was the longest period of time which claimant had been required to spend in a refrigerated box. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board upon the authority of *Matter of Westbrook* v. *Southside Sportsmen's Club of Long Is.* (274 App. Div. 954, affd. 299 N. Y. 748). Present — Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ. [See *post*, p. 870.]

■

In the Matter of the Claim of JOHN J. STORCH, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.— Appeal by Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board awarding unemployment insurance benefits to claimant. Claimant was employed at the rate of $50 a week plus two meals a day. He was paid bi-weekly in accordance with his employer's established payroll period. His wages from June 20 to July 3, 1948, were paid him on the latter date and reported together with the value of the meals for that period as wages earned during the third quarter which commenced July 1st. The board has attempted to allocate that part of such wages earned and the value of the meals consumed during the month of June to the second quarter. Under such an allocation the claimant becomes eligible for benefits pursuant to the formula set forth in subdivision 2 of section 590 of the Unemployment Insurance Law (Labor Law, art. 18). If the wages for that period are allocated to the third quarter he is not eligible for benefits. It appears clear from the statute, the commissioner's regulations and the reported decisions that the actual date when wages are paid pursuant to a definitely assigned payroll period control rather than when such wages were earned. (Unemployment Insurance Law [Labor Law, art. 18], § 590, subd. 2; § 525; Industrial Comr's. Gen. Regulations, regulation 2, subd. b, par. [1]; regulation 23; *Matter of Chapple [Corsi]*, 276 App. Div. 791; *Matter of Cutaia* v. *Fitzwell Sportwear*, 272 App. Div. 855, affd. 297 N. Y. 815.) In the interests of uniformity the value of the meals furnished should be similarly treated. Decision of the Unemployment Insurance Appeal Board reversed, on the law, and the initial determination of the Industrial Commissioner reinstated, without costs. Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ., concur.