■ In the Matter of the Claim of RONALD L. SUGNET, Respondent, v. HANNA FURNACE CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by self-insured employer from decisions of the Workmen's Compensation Board, filed July 17, 1968 and March 11, 1969. Claimant states that on May 14, 1966, while working as a counterman in the employer's storeroom, he walked to the loading dock area where he was requested by two other employees to assist in loading a full oxygen tank onto a station wagon. After lifting the tank, he stated that he felt a severe pain in the chest, had difficulty in breathing, and felt dizzy. Claimant had a pre-existing heart condition, and he stated that at the time he took a nitroglycerine tablet, rested awhile, and finished the day's work. He then went home to bed. The next two days he had off and rested. On May 17, 1966 he returned to work and took it easy. On May 24 he felt a "terrific pain and could not breathe" and had himself admitted to the hospital where he was treated by Dr. Kuberka

who had attended him since his initial cardiac illness in 1957. The employees whom claimant stated he assisted, testified that they could not recall the incident. The board found that claimant sustained an accidental injury out of and in the course of employment and causal relation between aggravation of the pre-existing heart condition and such accidental injury. Appellant contends that substantial evidence does not support the finding by the board of accident and causal relationship. Since the only evidence indicating an accident is the testimony of claimant himself, the issue concerning the finding of accident is reduced to the issue of credibility. Credibility " was within the sole province of the board and cannot be disturbed here ". (*Matter of Prue* v. *Empire Scrap Metals*, 32 A D 2d 680.) The occurrence of an accident is factual and thus for the board's determination if its decision is supported by substantial evidence. (*Matter of Nicotera* v. *Dorn's Transp.*, 30 A D 2d 735.) " Similarly the issue of causal relationship presents no more than the usual conflict of medical testimony and we cannot say that the board could not properly accept the medical testimony as to causal relationship (e.g., *Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414) and in the exercise of its fact-finding power resolve the controversy as it did (e.g., *Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529)." (*Matter of Prue* v. *Empire Scrap Metals, supra*.) The record contains substantial evidence to support the determination of the board. Decisions affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Staley, Jr., J.