■ In the Matter of IRWIN REID, Petitioner, v DAVID AXEL-

ROD, as Commissioner of the New York State Department of Health, et al., Respondents.—Determination unanimously confirmed without costs and petition dismissed. Memorandum: In this CPLR article 78 proceeding, petitioner challenges respondent's determination finding him guilty of patient abuse in violation of Public Health Law § 2803-d and 10 NYCRR part 81. Petitioner, an orderly employed at a nursing home, was accused of punching a 91-year-old patient. The only eyewitness accounts of the incident came from petitioner and a coemployee. In his statement to the investigator and his testimony at the hearing, petitioner maintained that the patient struck him with his cane and, to prevent being struck a second time, he pushed the cane away. The coemployee testified that, after the patient struck petitioner with his cane, petitioner punched the patient in his chest.

The Commissioner confirmed the Administrative Law Judge's finding that the petitioner's conduct constituted patient abuse and recommended that the report file not be amended or expunged and that he be assessed a civil penalty of $150.

The Commissioner's determination is supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222). While petitioner denied punching the patient, issues of credibility were for the Hearing Officer to resolve *(see, Matter of Sugnet v Hanna Furnace Corp.,* 33 AD2d 1064).

Finally, the delay of almost three years in conducting the hearing does not, under the circumstances, warrant dismissal of the charges against petitioner. In determining whether a period of delay is reasonable within the meaning of State Administrative Procedure Act § 301, an administrative body, in the first instance, and the court sitting in review, must weigh certain factors, including (1) the nature of the private interest allegedly compromised by the delay; (2) the actual prejudice to the private party; (3) the causal connection between the conduct of the parties and the delay; and (4) the underlying public policy advanced by governmental regulation *(Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169). Here, the private interest to be protected is petitioner's right to work in the health-related field as an orderly. Assuming, arguendo, that a derogatory report in petitioner's personnel file would adversely affect his ability to obtain a position in a health-related field, there is no showing that his right to obtain such work had been compromised by the delay. Indeed,

at the time of the hearing, petitioner was employed as an orderly. Moreover, the record is devoid of any proof concerning the length of time petitioner was unemployed or whether petitioner attempted to regain his previous position. With respect to the second factor, petitioner has failed to demonstrate that the delay significantly and irreparably handicapped him in preparing a defense. The only eyewitness, other than petitioner, testified at the hearing and was subjected to a vigorous cross-examination. With respect to the third factor, there is little question that the delay resulted, in part, from petitioner's own inaction. Finally, in determining the reasonableness of the delay, the court is required to consider "whether an important interest, implicating matters of broad public concern, underlies governmental regulation or action" *(Matter of Cortlandt Nursing Home v Axelrod, supra,* at 182). The public policy underlying the statute is that patients must be protected from abusive health care employees *(see, People v Coe,* 131 Misc 2d 807, *affd* 126 AD2d 436, *affd* 71 NY2d 852; Public Health Law § 2803-d [3]). (Article 78 proceeding transferred by order of Supreme Court, Nassau County, Kutner, J.) Present—Doerr, J. P., Boomer, Lawton, Davis and Lowery, JJ.