■ In the Matter of the Claim of MICHAEL MCCABE, Respondent, v WATERTOWN CORRECTIONAL FACILITY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [753 NYS2d 219]

—Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed July 19, 2001, which ruled that claimant sustained a compensable injury.

Claimant worked as a correction officer at the Watertown Correctional Facility in Jefferson County. In January 1998, the region was struck by a severe ice storm and claimant was directed to work at the emergency operations center where approximately 100 inmates were assigned to assist in the cleanup activities. During this assignment, claimant worked approximately 15 consecutive 12-hour shifts and he was, at times, exposed to extremely cold temperatures. Although claimant was diagnosed with an upper respiratory infection and later pneumonia, he continued to work at the center. On February 11, 1998, claimant suffered at least two seizures prior to being admitted to the hospital and being diagnosed with postencephalitic epilepsy. Due to continuing seizures, claimant was unable to return to work and filed a claim for workers' compensation benefits. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) established claimant's case with respect to postencephalitic epilepsy finding accident, notice and causal relationship. The Workers' Compensation Board affirmed this decision, resulting in this appeal by the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer).

The employer argues that there is an absence of proof establishing that claimant sustained an accidental injury within the meaning of the Workers' Compensation Law because claimant failed to show exposure to the encephalitis virus at work. Initially, we note that "[t]he occurrence of an accident is factual and thus for the [B]oard's determination" (*Matter of Sugnet v Hanna Furnace Corp.*, 33 AD2d 1064, 1065) and, if supported by substantial evidence, must be sustained (*see Matter of Gedon v University Med. Residents Servs.*, 252 AD2d 744, *lv denied* 92 NY2d 817; *Matter of Masek v St. Vincent's Med. Ctr.*, 97 AD2d 580). Although Workers' Compensation Law § 21 (1) establishes a presumption of compensability, the claimant still bears the burden of showing that his or her illness was the result of "an accidental injury arising out of and in the course of employment" (*see Matter of Pessel v Macy & Co.*, 40 AD2d 746, *affd* 33 NY2d 721). Here, claimant presented uncontroverted medical evidence establishing that he fell ill after working long, exhaustive hours and while exposed to extremely cold temperatures (*see id.* at 746; *Johnson v Gristede Bros.*, 278 App Div 732) and that his subsequent disability was causally related to his job duties because he continued to work

such hours after becoming symptomatic. The medical experts agreed that severe fatigue resulting from claimant's work environment had depressed his immune system rendering him unable to fight the virus which eventually caused his postencephalitic epilepsy.

After review of the record, we find that the Board's determination that claimant's seizures resulted from overall fatigue and a suppressed immune system was supported by substantial evidence and therefore will not be disturbed (*see Matter of Sugnet v Hanna Furnace Corp., supra*).

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.