■ In the Matter of the Claim of SONJA FEDOR-LEO, Appellant, v BROOME COUNTY SHERIFF'S DEPARTMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [759 NYS2d 571] —Kane, J. Appeal from a decision of the Workers' Compensation Board, filed September 26, 2001, which ruled that claimant did not sustain an accidental injury and denied her claim for workers' compensation benefits.

Claimant, a correction officer, filed a claim for workers' compensation benefits alleging that she injured her right shoulder in an unwitnessed accident. Claimant testified that she slipped on a flight of stairs, and her testimony that she reported the incident to the employer's nurse and subsequently received medical treatment for a shoulder injury was supported by documentary evidence. The employer, however, contended that there had been no accident, presenting evidence that claimant had been disciplined shortly before the alleged accident and that claimant's "tip alarm," which is activated when an officer is more than 45 degrees from vertical for more than five seconds, had not been triggered on the night in question. A Workers' Compensation Law Judge concluded that the employer had not overcome the Workers' Compensation Law § 21 presumption that claimant's injury was caused by a compensable accident. The Workers' Compensation Board reversed, finding that the employer had presented substantial evidence to rebut the presumption, and disallowed the claim.

On this appeal, claimant challenges the sufficiency of the evidence presented to rebut the presumption of compensability under Workers' Compensation Law § 21. However, while there is a presumption under this section that an unwitnessed accident which occurred "within the time and place limits" of employment arose out of that employment (*Matter of McCabe v Peconic Ambulance & Supplies,* 101 AD2d 679, 680 [1984]; *see Matter of Scalzo v St. Joseph's Hosp.,* 297 AD2d 883, 884 [2002]), this presumption cannot be used to establish that an accident occurred (*see Matter of McCormack v National City Bank of N.Y.,* 303 NY 5, 10-11 [1951]; *Matter of Strassberg v Hilton Hotel Corp.,* 299 AD2d 667, 668 [2002]). Rather, whether an accident occurred is a factual question for the Board, whose determination will not be disturbed if supported by substantial evidence (*see Matter of McCabe v Watertown Correctional Facility,* 301 AD2d 766, 767 [2003]; *Matter of MacKenzie v Management Recruiters,* 271 AD2d 822, 822-823 [2000], *lv denied* 95 NY2d 768 [2000]; *Matter of Sugnet v Hanna Furnace*

*Corp.*, 33 AD2d 1064, 1065 [1970]). The Board was entitled to credit the testimony of the employer's witnesses over claimant's account of the alleged accident (*see Matter of Strassberg v Hilton Hotel Corp., supra*) and, thus, substantial evidence supports the Board's determination that no accident occurred.

Cardona, P.J., Mercure, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.