In the Matter of the Claim of ANDRE SALLEY, Appellant, v NEW YORK CITY POLICE DEPARTMENT, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [833 NYS2d 686]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed February 24, 2006, which ruled that claimant did not sustain an accidental injury in the course of his employment and denied his claim for workers' compensation benefits.

On April 4, 2005, claimant, a school safety agent for the New York City Police Department, heard a popping sound in his right knee while walking a patrol at John Bound High School in Queens. His resultant inability to straighten his leg prompted

him to seek immediate medical treatment and prevented him from returning to work for over three months. Claimant subsequently applied for workers' compensation benefits. Following a hearing, a Workers' Compensation Law Judge determined that claimant's injury was not related to his employment and denied the claim. That determination was upheld by the Workers' Compensation Board, resulting in this appeal.

We affirm. While a presumption exists under Workers' Compensation Law § 21 (1) that unexplained accidents that occur in the course of employment arise out of that employment (*see Matter of Cartwright v Onondaga News Agency*, 283 AD2d 837, 837-838 [2001]), such a presumption is rebuttable by substantial evidence to the contrary (*see Matter of Wichtendahl v Arrow Bus Line*, 307 AD2d 400, 401 [2003]). Here, although claimant offered credible testimony suggesting that his injury occurred while he was at work, a review of the record reveals that, in addition to surgery on his right knee in 1980, claimant had regularly experienced pain in that knee prior to April 4, 2005. Indeed, an initial report to the employer characterized the incident as a "re-injur[y]" to his right knee. Likewise, claimant informed a physician that he ingested ibuprofen to relieve pain in that knee and that he wore a stabilizing brace to prevent further injury to it. Inasmuch as such record evidence amply supports the Board's factual determination that claimant did not sustain a work-related injury, we decline to disturb it (*compare Matter of Andrews v Pinkerton Sec.*, 306 AD2d 655, 655-656 [2003]).

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.