■ In the Matter of the Claim of RAFAEL SANTIAGO, Appellant, v OTISVILLE CORRECTIONAL FACILITY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [832 NYS2d 831]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed November 23, 2005, which ruled that claimant did not sustain an accident in the course of his employment and denied his claim for workers' compensation benefits.

Claimant, a correction officer, filed a claim for workers' compensation benefits alleging that, on January 15, 2002, he fell and struck his head while conducting a search, causing him to sustain a head injury and related psychological conditions. After a Workers' Compensation Law Judge initially established the claim, the Workers' Compensation Board reversed. In concluding that claimant had not sustained a work accident, the Board determined that he had merely alleged an accident as

"an afterthought and a direct response to" the employer's investigation regarding claimant's illegal work activities on the date in question. Claimant now appeals.

The issue in this case, as framed by the Board's decision, distills to whether claimant actually suffered an accident while at work or, instead, as the Board found, fabricated his claim in light of the investigation against him. Thus, contrary to claimant's assertion, Workers' Compensation Law § 21 (1), which affords a presumption that an unwitnessed or unexplained workplace accident arose out of the injured person's employment, has no bearing on this case as it cannot be utilized to demonstrate that an accident occurred in the first place (*see Matter of Fedor-Leo v Broome County Sheriff's Dept.*, 305 AD2d 760, 760 [2003]; *Matter of Strassberg v Hilton Hotel Corp.*, 299 AD2d 667, 668 [2002]). That said, whether an accident occurred is a factual question for resolution by the Board, whose determination will not be disturbed so long as it is supported by substantial evidence (*see Matter of Fedor-Leo v Broome County Sheriff's Dept.*, *supra* at 760; *Matter of McCabe v Watertown Correctional Facility*, 301 AD2d 766, 767 [2003], *lv denied* 100 NY2d 501 [2003]).

Here, the record demonstrates that claimant continued working after the events of January 15, 2002 and did not seek any medical attention until June 2002, following an unrelated May 2002 incident, and shortly after being served with a notice of discipline which recommended claimant's termination for cause for his improper conduct with inmates on January 15, 2002. Moreover, claimant did not report his alleged accident and injuries until February 5, 2002, after he had been advised that he was being transferred from his job pending investigation of complaints from numerous inmates regarding his conduct on January 15, 2002. Acknowledging the Board's authority to assess credibility and draw reasonable inferences from the evidence (*see Matter of Gross v BJ's Wholesale Club*, 29 AD3d 1051, 1052-1053 [2006]), we find that the foregoing constitutes substantial evidence in support of the Board's decision and, accordingly, we affirm.

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.