■ In the Matter of the Claim of Lisa Neville, Appellant, v Diala Jaber, Respondent. Workers' Compensation Board, Respondent. [848 NYS2d 411]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed August 17, 2005, which ruled that claimant did not sustain an accident in the course of her employment and denied her claim for workers' compensation benefits.

---

In this workers' compensation proceeding, claimant alleges that she injured her back after tripping on steps at work, an incident that was unwitnessed by anyone. Hearings were thereafter held resulting in a decision by a Workers' Compensation Law Judge which characterized claimant's testimony as to the manner in which this incident purportedly occurred as contradictory and her explanation of certain inconsistencies as "disingenuous." The Workers' Compensation Law Judge disallowed the claim based on his finding of "insufficient credible evidence of an accident." The Workers' Compensation Board affirmed, resulting in this appeal.

While unwitnessed accidents occurring in the course of employment are presumed to arise out of such employment (*see Matter of Pinto v Southport Correctional Facility*, 19 AD3d 948, 949 [2005]), this presumption "cannot be used to establish that an accident occurred" in the first instance (*Matter of Fedor-Leo v Broome County Sheriff's Dept.*, 305 AD2d 760, 760 [2003]; *see Matter of Strassberg v Hilton Hotel Corp.*, 299 AD2d 667, 668 [2002]). Moreover, whether a compensable accident occurred is a question of fact for the Board, and its determination will not be disturbed as long as it is supported by substantial evidence (*see Matter of Santiago v Otisville Correctional Facility*, 39 AD3d 1109, 1110 [2007]; *Matter of Fedor-Leo v Broome County Sheriff's Dept., supra*). Substantial evidence exists here, namely, evidence that claimant failed to report the incident to her employer when it first happened, offered differing versions regarding the specifics of the incident and was less than forthright about her prior medical history of back problems. As it is exclusively within the Board's province to resolve issues of witness credibility (*see Matter of Moore v Morrison's Healthcare*, 297 AD2d 887, 888 [2002]), the Board was entitled to reject claimant's version of events and to find that no accident occurred.

Claimant's remaining contentions have been considered and rejected as without merit.

Crew III, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.