■ In the Matter of the Claim of PETER D. PAPPAS, Appellant, v STATE UNIVERSITY OF NEW YORK AT BINGHAMTON et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [861 NYS2d 529]—

Stein, J. Appeal from a decision of the Workers' Compensation Board, filed August 31, 2006, which ruled that claimant did not sustain a causally related injury and denied his claim for workers' compensation benefits.

Claimant alleges that he sustained a work-related injury to his neck and left arm while temporarily employed as a mason with the employer. Claimant applied for workers' compensation benefits and the claim was controverted by the State Insurance Fund (hereinafter SIF), the workers' compensation carrier for the employer. After a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) held that SIF overcame the presumption of Workers' Compensation Law § 21 (1) and that "no accident or occupational disease arising out of and in the course of [claimant's] employment" had occurred. Thus, the WCLJ denied the claim. Upon review, the Workers' Compensation Board affirmed the WCLJ's decision. Claimant now appeals and we affirm.

Where, as here, a claimant satisfies his or her initial burden of demonstrating a causal relationship between the job performed and the disability suffered, there is a rebuttable presumption that an unexplained or unwitnessed accident arose out of and in the course of the claimant's employment (see Workers' Compensation Law § 21 [1]; *Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev.*, 84 NY2d 129, 134 [1994]; *Matter of Salley v New York City Police Dept.*, 38 AD3d 1150, 1151 [2007]; *Matter of Pinto v Southport Correctional Facility*, 19 AD3d 948, 949 [2005]). The presumption may be overcome by substantial evidence (see *Matter of Salley v New York City Police Dept.*, 38 AD3d at 1151), which "does not require irrefutable proof excluding all other conclusions other than that offered by the employer that the accidental injury was not work related" (*Matter of Pinto v Southport Correctional Facility*, 19 AD3d at 950 n).

Here, the record reveals numerous inconsistencies. For example, claimant indicated on the accident report that he notified his supervisor of the accident, but then testified that he probably notified his coworkers instead, despite knowing that they had no supervisory control over him. In contrast, one of claimant's coworkers testified that he did not recall claimant ever indicating that he had hurt his neck or arm while working for the employer. Claimant also testified that he notified his crew supervisor, John Freer, that he had been hurt, but Freer testified that claimant never told him that he had a problem with his neck or arm. Finally, another supervisor, John Masi, testified that claimant told him that he had the flu, that his arm and neck pain was an ongoing problem and that he had not been injured at work. On the other hand, claimant denied stating that he had the flu or that he was not injured at work. There are also significant discrepancies in the record regarding the cause of claimant's injuries.

The Board has broad authority to credit the testimony of the employer's and the carrier's witnesses over that of the claimant and his or her witnesses (*see Matter of Fedor-Leo v Broome County Sheriff's Dept.*, 305 AD2d 760, 760 [2003]) "and draw any reasonable inference from the evidence in the record" (*Matter of Marshall v Murnane Assoc.*, 267 AD2d 639, 640 [1999], *lv denied* 94 NY2d 762 [2000]). According appropriate deference to the Board's credibility determinations and resolution of conflicting evidence (*see Matter of Hernandez v Vogel's Collision Serv.*, 48 AD3d 861, 861 [2008]; *Matter of Santiago v Otisville Correctional Facility*, 39 AD3d 1109, 1110 [2007]), we find that the Board's determination was supported by substantial evidence (*see Matter of Santiago v Otisville Correctional Facility*, 39 AD3d at 1110; *Matter of Fedor-Leo v Broome County Sheriff's Dept.*, 305 AD2d at 760). We further find claimant's remaining contentions to be unpersuasive.

Spain, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.