Mercure, J.E
Appeals (1) from an amended decision of the
Workers’ Compensation Board, filed April 27, 2006, which ruled that claimant did not sustain an accident in the course of his employment and denied his claim for workers’ compensation benefits, and (2) from a decision of said Board, filed May 10, 2006, which denied claimant’s request for reconsideration or full Board review.
Claimant, a salesperson, filed a claim for workers’ compensa *906 tion benefits, alleging that he suffered injuries after he was struck by a car as he attempted to cross a street while out on a sales call in October 2003. Following hearings, a Workers’ Compensation Law Judge established the claim. On review, the Workers’ Compensation Board reversed, finding that claimant’s testimony regarding the alleged accident was not credible. Claimant’s request for full Board review or reconsideration was denied, and claimant now appeals.
We affirm. “[Wjhether a compensable accident occurred is a question of fact for the Board, and its determination will not be disturbed as long as it is supported by substantial evidence” (Matter of Neville v Jaber, 46 AD3d 1137, 1138 [2007]; see Matter of Santiago v Otisville Correctional Facility, 39 AD3d 1109, 1110 [2007]; Matter of Fedor-Leo v Broome County Sheriff’s Dept., 305 AD2d 760, 760 [2003]). Here, claimant testified that he was struck by a car on his left leg with enough force that he was thrown into the air and landed on the hood of the car and then fell to the ground. He testified that the car kept going but a passing motorist caught up with the car and returned with the driver on foot. Claimant, however, did not get the driver’s name or the passing motorist’s name, and did not identify any other witnesses. He also testified that he did not contact the police or, despite the force of the alleged impact, seek medical attention that day. Moreover, although claimant did not make his scheduled sales call that afternoon, he did not inform the employer of the accident until “[a] few days later.” When notified, the employer asked if claimant wanted to file for workers’ compensation benefits and claimant initially refused; it was not until after claimant’s employment was terminated in December 2003 that he filed his claim. Given the Board’s “broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record” (Matter of Myers v Eldor Contr. Co., 270 AD2d 671, 672 [2000]; accord Matter of Gross v BJ’s Wholesale Club, 29 AD3d 1051, 1052 [2006]), we find that substantial evidence supports the Board’s decision to reject claimant’s contention that an accident had occurred (see Matter of Neville v Jaber, 46 AD3d at 1138).
Claimant’s remaining arguments have been considered and found to be lacking in merit.
Peters, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the amended decision and decision are affirmed, without costs.