◼ In the Matter of JEFFREY A. GARDNER, Appellant, v NURZIA CONSTRUCTION CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [881 NYS2d 529]—

Rose, J. Appeals (1) from a decision of the Workers' Compensation Board, filed April 24, 2007, which ruled that claimant's injury did not arise out of and in the course of his employment and denied his claim for workers' compensation benefits, and (2) from two decisions of said Board, dated March 11, 2008 and October 10, 2008, which denied claimant's requests for reconsideration or full Board review.

Claimant filed for workers' compensation benefits, alleging that he had fallen from a ladder and sustained disabling head injuries while working alone at the employer's construction site. Finding claimant's testimony that he sustained his injuries while working for the employer to be incredible, the Workers' Compensation Law Judge disallowed his claim. The Workers' Compensation Board affirmed, and this appeal ensued.

Claimant argues that the statutory presumption that an unwitnessed accident at the time and place of employment arose out of that employment applies here (*see* Workers' Compensation Law § 21 [1]). We cannot agree, however, as the presumption cannot be used to establish that claimant suffered his accident while at work (*see Matter of Santiago v Otisville Correctional Facility*, 39 AD3d 1109, 1110 [2007]; *Matter of*

*Fedor-Leo v Broome County Sheriff's Dept.*, 305 AD2d 760, 760 [2003]; *Matter of McCabe v Watertown Correctional Facility*, 301 AD2d 766, 767 [2003], *lv denied* 100 NY2d 501 [2003]). Here, the central issue is whether an accident occurred at work. As this is a factual question for the Workers' Compensation Board, its determination will not be disturbed if supported by substantial evidence (*see e.g. Matter of McCabe v Watertown Correctional Facility*, 301 AD2d at 767 [2003]).

Claimant testified that he fell off a ladder at his work site, was knocked unconscious when he landed on his head, and later woke to find himself dazed and in a pool of blood. He testified that he loaded the ladder and some—but not all—of his tools onto his van and, because he was too dazed to drive himself home, he called his mother to do so. His mother then made the half-hour drive from their home to pick him up, they left his van in the parking lot at the job site and, although his head wound continued to bleed and was clearly serious, he stayed at home and did not go to the hospital until over 22 hours following the alleged workplace accident. Notably, claimant called no witnesses to corroborate his account even though his mother was present at the hearing. The employer's owner testified that neither he nor a supervisor had found any evidence of claimant's blood, tools or van when they later visited the work site. The owner also asserted that, upon inquiry, none of the other contractors who were at the work site at the relevant time had reported seeing claimant, his tools, his van or his blood. Acknowledging that the employer's evidence largely consisted of hearsay, the Workers' Compensation Law Judge nonetheless rejected claimant's account, deeming his alleged actions to be unusual, inconsistent and uncorroborated.

Inasmuch as the Board had broad authority to credit the testimony of the employer's witness and discredit claimant's testimony (*see Matter of Hernandez v Vogel's Collision Serv.*, 48 AD3d 861, 861 [2008]; *Matter of Santiago v Otisville Correctional Facility*, 39 AD3d at 1110), and given that hearsay testimony was admissible in this proceeding (*see Matter of Gutierrez v Courtyard by Marriott*, 46 AD3d 1241, 1243 [2007]), the Board properly found that claimant failed to establish that his injuries were sustained in the course of his employment (*see Matter of Koerner v Orangetown Police Dept.*, 68 NY2d 974, 975 [1986]; *Matter of Hansen v Syracuse Home Assn.*, 55 AD3d 1167, 1168 [2008]). Further, in light of this, we cannot agree with claimant that the Board's denials of his applications for full Board review were arbitrary and capricious or an abuse of discretion (*see Matter of VanDermark v Frontier Ins. Co.*, 60 AD3d 1171, 1172-1173 [2009]).

Mercure, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the decisions are affirmed, without costs.