■ In the Matter of the Claim DARYL E. ECCLES, Respondent, v TRUCK-LITE, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [939 NYS2d 161]—

Spain, J.

Claimant sustained injuries to his head when he fell from his chair while at work. Claimant thereafter sought workers' compensation benefits. The employer and its workers' compensation carrier controverted the claim, arguing that the accident occurred as a result of a non-work-related medical condition. The Workers' Compensation Board determined that claimant's accident and injuries were not due to his preexisting diabetic condition and awarded benefits. The employer and its carrier now appeal.

The record in this case clearly presents conflicting evidence regarding the cause of claimant's fall. However, the Board's decision reflects that it considered all of the conflicting evidence and, ultimately, credited that which indicated that claimant did not have a hypoglycemic episode precipitating his fall and injury, and concluded that the presumption of compensability pursuant to Workers' Compensation Law § 21 had not been rebutted. Inasmuch as the Board is vested with the exclusive authority to evaluate witness credibility and to credit the opinion of one medical expert over that of another, we will not disturb its decision despite the existence of evidence that would support a contrary result (*see Matter of Pappas v State Univ. of N.Y. at*

*Binghamton*, 53 AD3d 941, 943 [2008]; *Matter of Scalzo v St. Joseph's Hosp.*, 297 AD2d 883, 884 [2002]). Similarly, we will not disturb the Board's implicit credibility determination leading to a rejection of the argument by the employer and its carrier that the claim should be denied based upon a violation of Workers' Compensation Law § 114-a (*see Matter of Dory v New York State Elec. & Gas Corp.*, 64 AD3d 848, 848 [2009]; *Matter of Potter v Curtis Lbr. Co., Inc.*, 10 AD3d 819, 820 [2004]).

Mercure, A.P.J., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.