■ In the Matter of the Claim of IWAN PENGAL, Appellant, v CHLOE FOODS CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [976 NYS2d 242]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed October 29, 2010, which ruled that claimant did not sustain a causally related disability and denied his claim for workers' compensation benefits.

On July 29, 2008, claimant, a truck driver, suffered a stroke while at work and thereafter applied for workers' compensation benefits. Following a hearing, a Workers' Compensation Law Judge determined that there was no causal relationship between claimant's stroke and his employment and denied the claim. That determination was upheld by the Workers' Compensation Board and this appeal ensued.

We affirm. Inasmuch as it is undisputed that claimant's stroke occurred while he was at work, he was entitled to the statutory presumption that his stroke arose out of and in the course of his employment (*see* Workers' Compensation Law § 21; *Matter of Browne v New York City Tr. Auth.*, 66 AD3d 1290, 1290 [2009]). The employer, however, may rebut that presumption with substantial evidence to the contrary (*see Matter of Richman v NYS Unified Ct. Sys.*, 91 AD3d 1014, 1015 [2012], *lv denied* 19 NY3d 811 [2012]). Here, the employer's medical expert opined that claimant's stroke was not related to his employment, but was directly related to certain preexisting conditions, including cerebral vascular disease, hypertension, diabetes, hypercholesterolemia and a prior transient ischemic attack, which combined to put claimant "at extreme risk for a stroke."

Claimant's medical expert, although unaware of certain of claimant's preexisting conditions that he testified may be predisposing factors for a stroke, concluded that claimant's stroke was caused by job related exertion and fatigue. Claimant testified that he had filled out some paperwork and began driving his route, and had not made it to his first delivery stop before he suffered the stroke and was taken to the hospital. Claimant's hospital records reflect that he informed heath providers there that his left arm felt a little numb and somewhat weak when he woke up that morning and that he had difficulty swallowing prior to reporting to work. Inasmuch as the Board is vested with the authority to credit the opinion of one medical expert over another (*see Matter of Eccles v Truck-Lite, Inc.*, 92 AD3d 1175, 1175 [2012]), its determination that there was no causal relationship between claimant's stroke and his employment is supported by substantial evidence and will not be disturbed.

Peters, P.J., Rose and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.