■ In the Matter of the Claim of CHRIS DIXON, Appellant, v ALMAR PLUMBING et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [977 NYS2d 101]—

Egan Jr., J. Appeal from a decision of the Workers' Compensation Board, filed January 11, 2013, which ruled, among other things, that claimant did not sustain a compensable injury and denied his claim for workers' compensation benefits.

Claimant allegedly injured his back while working as a plumber at Madison Square Garden on Thursday, September 22, 2011. Claimant did not report to work the following day and was laid off at the close of business on Monday, September 26, 2011. Claimant was aware—prior to sustaining his purported injury—that a general layoff was imminent and testified that, following this event, his coworkers—including the alleged witness to his injury—"scattered."

In November 2011—nearly two months after the alleged accident—claimant filed a claim for workers' compensation benefits. The employer and its workers' compensation carrier controverted the claim contending, among other things, that

claimant failed to provide timely notice thereof and did not sustain a work-related injury. Following a hearing, a Workers' Compensation Law Judge excused claimant's late notice and found that he had suffered a compensable injury. Upon administrative review, the Workers' Compensation Board reversed and disallowed the claim, prompting this appeal.

We affirm. "Whether a compensable accident has occurred presents a question of fact for resolution by the Board and its decision will be upheld when supported by substantial evidence" (*Matter of Rolleri v Mastic Beach Ambulance Co., Inc.*, 106 AD3d 1292, 1292 [2013], *lv denied* 21 NY3d 865 [2013] [citations omitted]; *see Matter of Klamka v Consolidated Edison Co. of N.Y., Inc.*, 84 AD3d 1527, 1528 [2011]).[1] As noted previously, claimant filed for workers' compensation benefits approximately two months after he was laid off, and the record contains conflicting proof as to, among other things, the manner in which the injury allegedly occurred and whether the claimed accident was witnessed by another coworker. Additionally, claimant's testimony regarding his work schedule following his alleged injury does not coincide with the employer's payroll records, and the Board found claimant's explanation of this discrepancy to be unpersuasive. Based upon the inconsistencies between claimant's testimony and certain documentary evidence, as well as the lack of contemporaneous medical records, the Board found that claimant's testimony "was not credible" and disallowed the claim. As "[t]he Board is the sole arbiter of witness credibility" (*Matter of Denman v Cobbler's Rest.*, 106 AD3d 1289, 1290 [2013] [internal quotation marks and citations omitted]; *accord Matter of Hammes v Sunrise Psychiatric Clinic, Inc.*, 66 AD3d 1252, 1252 [2009]) and is not bound by the Workers' Compensation Law Judge's determinations in this regard (*see Matter of Nassar v Masri Furniture & Mdse., Inc.*, 91 AD3d 1022, 1022 [2012]; *Matter of Ridgeway v RGRTA Regional Tr. Serv.*, 68 AD3d 1219, 1220 [2009]), "the Board was entitled to reject claimant's version of events and to find that no accident occurred" (*Matter of Neville v Jaber*, 46 AD3d 1137, 1138 [2007]; *see Matter of Fortunato v Opus III VII Corp.*, 56 AD3d 905, 906 [2008]).

---

**1.** Despite claimant's protestations to the contrary, "Workers' Compensation Law § 21 (1), which affords a presumption that an unwitnessed or unexplained workplace accident arose out of the injured person's employment, has no bearing on this case as it cannot be utilized to demonstrate that an accident occurred in the first place" (*Matter of Santiago v Otisville Correctional Facility*, 39 AD3d 1109, 1110 [2007]; *see Matter of Gardner v Nurzia Constr. Corp.*, 63 AD3d 1385, 1385 [2009]; *Matter of Neville v Jaber*, 46 AD3d 1137, 1138 [2007]; *Matter of Fedor-Leo v Broome County Sheriff's Dept.*, 305 AD2d 760, 760 [2003]).

The Board further found that, even assuming an accident occurred, claimant failed to provide timely notice thereof. In this regard, Workers' Compensation Law § 18 requires a claimant to provide his or her employer with written notice of a compensable injury "within thirty days after the accident causing such injury." Although the failure to provide such notice may be excused upon a finding by the Board that "notice could not be given, the employer or its agent had knowledge of the accident, or the employer was not prejudiced" (*Matter of Dusharm v Green Is. Contr., LLC*, 68 AD3d 1402, 1403 [2009]), resolution of this issue lies within the Board's sound discretion (*see id.* at 1403).

Here, the record reflects that, prior to filing his claim for benefits, claimant failed to provide timely written notice or otherwise notify the employer or its agent of the alleged injury. Claimant conceded that he did not make a "[f]ormal report" of the incident to his employer, opting instead to "mention[ ]" to his union shop steward—on his final day of work—"that [his] back was hurting." Even assuming that this fleeting comment constituted a report of injury, there is nothing in the record to suggest that the shop steward was an appropriate person to whom to report such an occurrence (*compare Matter of Rankin v Half Hollow Hills Cent. Sch. Dist.*, 105 AD3d 1242, 1242-1243 [2013]). Additionally, given claimant's delay in reporting the injury, as well as his inconsistent testimony regarding the severity of his injury and his efforts to seek medical treatment,[2] we cannot say that claimant met his "'burden of demonstrating that the employer was not prejudiced [there]by" (*Matter of Ewool v Franklin Hosp. Med. Ctr.*, 49 AD3d 1019, 1020 [2008], *lv denied* 10 NY3d 711 [2008] [internal quotation marks and citation omitted]). Hence, we discern no basis upon which to disturb the Board's findings as to the notice issue (*see Matter of Dudas v Town of Lancaster*, 90 AD3d 1251, 1252-1253 [2011]). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, P.J., McCarthy and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.

---

2. In light of these inconsistencies, the Board also properly rejected any assertion that the lack of timely notice was occasioned by claimant's failure to initially appreciate the severity of his injury (*see generally Matter of Oberson v Bureau of Ferry Aviation & Transp.*, 303 AD2d 795, 795 [2003], *lv denied* 100 NY2d 507 [2003], *cert denied* 540 US 1151 [2004]).