*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    September 4, 2014                517270
_____

In the Matter of the Claim of
    SHERRI WAIT,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

HUDSON VALLEY COMMUNITY COLLEGE
    et al.,
                        Appellants.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:    August 21, 2014

Before:    McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

                        _____


        Sullivan, Keenan, Oliver & Violando LLP, Albany (John M.
Oliver of counsel), for appellants.

        Alex C. Dell, Albany, for Sherri Wait, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for Workers' Compensation Board,
respondent.

                        _____


Lynch, J.

        Appeal from a decision of the Workers' Compensation Board,
filed October 25, 2012, which, among other things, ruled that
claimant sustained a compensable injury.

        Claimant, a secretary, fell while she was entering her
workplace and purportedly sustained injuries.  The self-insured

employer and its third-party administrator (hereinafter collectively referred to as the employer) controverted her ensuing claim for workers' compensation benefits, asserting that she had staged the fall. A Workers' Compensation Law Judge conducted hearings and reviewed video footage of the incident, after which he established the claim for injuries to claimant's right wrist, right shoulder, right knee and right ankle. The Workers' Compensation Board affirmed, and the employer appeals.

We affirm. "Whether a compensable accident has occurred presents a question of fact for resolution by the Board and its decision will be upheld when supported by substantial evidence" (Matter of Rolleri v Mastic Beach Ambulance Co., Inc., 106 AD3d 1292, 1292 [2013], lv denied 21 NY3d 865 [2013] [citations omitted]; accord Matter of Dixon v Almar Plumbing, 111 AD3d 1230, 1231 [2013]). Claimant was on crutches due to an unrelated surgical procedure, and testified that she pressed a handicap button that opened the door to her workplace. The door began closing abruptly and, as she hurried to cross the threshold, she tripped or slipped and fell backwards onto her right arm. While claimant's account of her fall varied somewhat over time, the emergency room physician who treated claimant causally linked her injuries to the fall and testified that victims of acute trauma such as claimant often "don't remember exactly how it happened." The Board credited that proof and, in so doing, rejected the employer's contention that a video of the incident established that claimant staged the event. Claimant's inconsistent explanations as to how the accident occurred created a credibility issue for the Board to resolve (see Matter of Poulton v Griffin Mfg. Co., 102 AD3d 1071, 1072 [2013]). According deference to the Board's assessment of credibility, substantial evidence thus supports its finding that claimant had sustained compensable injuries (see Matter of McCluskey v Certified Moving & Stor., 106 AD3d 1349, 1349-1350 [2013]; Matter of Conyers v Van Rensselaer Manor, 80 AD3d 914, 915-916 [2011]). The above proof similarly constitutes substantial evidence to support the Board's finding that claimant did not violate Workers' Compensation Law § 114-a (see Matter of Eccles v Truck-Lite, Inc., 92 AD3d 1175-1175-1176 [2012]; Matter of Monzon v Sam Bernardi Constr., Inc., 60 AD3d 1261, 1262-1263 [2009]).

McCarthy, J.P., Garry, Egan Jr. and Clark, JJ., concur.


ORDERED that the decision is affirmed, with costs to claimant.


ENTER:

Robert D. Mayberger
Clerk of the Court