■ In the Matter of the Claim of Bernadette Silvestri, on Behalf of Frank Silvestri, Deceased, Claimant, v New York City Transit Authority, Appellant. Workers' Compensation Board, Respondent. (And Another Related Claim.) [59 NYS3d 618]—

Clark, J. Appeals from two decisions of the Workers' Compensation Board, filed January 6, 2006, which ruled,

among other things, that decedent's injuries and consequential death were the result of an accident arising out of and in the course of his employment.

Frank Silvestri (hereinafter decedent) was employed as a maintenance worker for a municipal transit authority (hereinafter referred to as the self-insured employer), and his duties included repairing subway cars. On April 24, 2014, after decedent had completed his 6:00 a.m. to 2:00 p.m. shift, claimant—his wife—found him in bed at around 3:00 p.m. when she returned home from her job. According to claimant, decedent stated that he had fallen off a ladder into "the pit" at work and that he was having difficulty walking, breathing and getting in and out of bed. Decedent went to the hospital the following morning and, after being diagnosed with fractured ribs, was given painkillers and sent home. His condition did not improve and, three days later, claimant brought him back to the hospital. This time, in addition to the rib fractures, decedent was diagnosed with a ruptured spleen, as well as a punctured lung, and was admitted to the hospital. He died the following day of "[c]omplications of blunt impact injuries to trunk with bronchopneumonia and hemoperitoneum."

Thereafter, claimant, on behalf of decedent, filed a claim for workers' compensation benefits for injuries that decedent sustained as a result of a fall that allegedly occurred at work on April 24, 2014. She also filed a claim, in her capacity as his widow, for workers' compensation death benefits. The self-insured employer controverted both claims. Following a hearing, a Workers' Compensation Law Judge issued decisions ruling that the injuries to decedent's spleen and ribs, and his consequential death, were the result of a work-related accident and awarded benefits accordingly. The Workers' Compensation Board upheld these decisions, and the self-insured employer now appeals.

The self-insured employer argues that there is a lack of substantial evidence supporting the Board's finding that decedent's injuries and ensuing death were the result of an accident that occurred at work and that it erroneously relied on the presumption contained in Workers' Compensation Law § 21 (1) in reaching this conclusion. Initially, Workers' Compensation Law § 21 (1) provides a statutory presumption that "an unwitnessed accident which occurred 'within the time and place limits' of employment arose out of that employment" (*Matter of Fedor-Leo v Broome County Sheriff's Dept.*, 305 AD2d 760, 760 [2003], quoting *Matter of McCabe v Peconic Ambulance & Supplies*, 101 AD2d 679, 680 [1984]; *see Matter of Schwartz v*

*Hebrew Academy of Five Towns*, 39 AD3d 1134, 1135 [2007], *lv denied* 9 NY3d 807 [2007]). This presumption, however, "cannot be used to establish that an accident occurred" (*Matter of Fedor-Leo v Broome County Sheriff's Dept.*, 305 AD2d at 760; *see Matter of Gardner v Nurzia Constr. Corp.*, 63 AD3d 1385, 1385-1386 [2009]) and "does not wholly relieve [a claimant] of the burden of demonstrating that the accident occurred in the course of, and arose out of, [his or] her employment" (*Matter of Bond v Suffolk Transp. Serv.*, 68 AD3d 1341, 1342 [2009]; *see Matter of Huggins v Masterclass Masonry*, 83 AD3d 1345, 1347 [2011]; *Matter of Cartwright v Onondaga News Agency*, 283 AD2d 837, 837 [2001]; *see also* Workers' Compensation Law § 10 [1]). Significantly, whether a claimant's injury resulted from an accident that arose out of and in the course of his or her employment is a factual issue for the Board to resolve, and its determination in this regard will not be disturbed if supported by substantial evidence (*see Matter of Ciullo v Gordon L. Seaman Inc.*, 144 AD3d 1377, 1377 [2016]; *Matter of Mills v New York State Police*, 41 AD3d 1083, 1083 [2007]).

Although the Board applied the presumption set forth in Workers' Compensation Law § 21 (1), we conclude that it is inapplicable here given that the issue in dispute is whether decedent was performing his duties at work when he sustained the injuries that led to his death, which is dispositive of whether the injuries arose out of and in the course of his employment. At the hearing, it was established that there were no known witnesses to the incident that caused decedent's fatal injuries and that no accident involving him was reported to the self-insured employer, nor was an accident report ever filed. It was revealed that decedent's maintenance duties sometimes required him to repair subway cars while they were suspended over a pit—that was four to five feet deep with a cement floor—through the use of a ladder. Time sheets disclosed that, on April 24, 2014, decedent worked a full shift from 6:00 a.m. to 2:00 p.m. Claimant testified that, when she found decedent in bed later in the afternoon on April 24, 2014, he told her that he had fallen off a ladder into "the pit" at work, but did not provide any further details. She stated that, at decedent's funeral, she was told by individuals who worked with him that a coworker had picked decedent up out of the pit, but did not want to come forward with information for fear of losing his job.

Although three maintenance employees testified on behalf of the self-insured employer, their testimony did not contradict claimant's testimony. None of these witnesses testified that

they supervised or worked with decedent on April 24, 2014 or described the nature of the work that he was performing on that date. Decedent's supervisor testified that decedent reported to work on April 25, 2014, after he had been sent home following his first hospital visit, and was scheduled to work a double overtime shift starting at 9:00 p.m. Significantly, he stated that decedent left work prior to the start of the second shift and was holding his stomach, indicating that he was not feeling well.[1]

Decedent's statement to claimant is the most direct evidence that he sustained his fatal injuries while performing his duties at work. Pursuant to Workers' Compensation Law § 118, "[d]eclarations of a deceased employee concerning the accident shall be received in evidence and shall, if corroborated by circumstances or other evidence, be sufficient to establish the accident and the injury." Under the circumstances presented here, we find that claimant's testimony, together with that of the supervisor who witnessed decedent holding his stomach, provided sufficient corroboration of decedent's statement (see e.g. Matter of Wightman v Clinton Tractor & Implement Co., 23 AD3d 788, 789 [2005]; Matter of Kavanaugh v Empire Mut. Ins. Group, 151 AD2d 885, 886 [1989]; Matter of Padilla v New York City Bd. of Educ., 127 AD2d 957, 958 [1987], lv denied 70 NY2d 602 [1987]; Matter of Lucas v Kiewit Sons Co., 72 AD2d 637, 637 [1979]).[2] Accordingly, we conclude that substantial evidence supports the Board's finding that decedent's injuries and ensuing death were attributable to an accident that arose out of and in the course of his employment.

McCarthy, J.P., Lynch, Devine and Aarons, JJ., concur. Ordered that the decisions are affirmed, without costs.

 ---

1. In addition to testimony, numerous medical records were admitted into evidence indicating that decedent suffered from a traumatic fall, but they did not unequivocally establish that the fall occurred at work.

2. Although claimant's testimony as to what she was told at the funeral constituted hearsay, hearsay testimony is admissible in workers' compensation proceedings (see Matter of Gardner v Nurzia Constr. Corp., 63 AD3d at 1386).