Matter of Williams v New York State Off. of Temporary Disability & Assistance (2018 NY Slip Op 01108)





Matter of Williams v New York State Off. of Temporary Disability & Assistance


2018 NY Slip Op 01108


Decided on February 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2018

525229

[*1]In the Matter of the Claim of THERESA J. WILLIAMS, Appellant,
v
NEW YORK STATE OFFICE OF TEMPORARY DISABILITY AND ASSISTANCE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: January 17, 2018

Before: Egan Jr., J.P., Devine, Mulvey, Aarons and Rumsey, JJ.


Geoffrey Schotter, New York City, for appellant.
William O'Brien, State Insurance Fund, Melville (Katherine Mason-Horowitz of counsel), for New York State Office of Temporary Disability and Assistance and another, respondents.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed September 26, 2016, which ruled, among other things, that claimant did not sustain an accidental injury arising out of and in the course of her employment and denied her claim for workers' compensation benefits.
Claimant worked as a Hearing Officer for a state agency at an office building located in Brooklyn. On May 28, 2015, as she
was stepping into an elevator on the fifteenth floor of the building, the doors closed abruptly and struck her. Claimant allegedly started to feel pain in various parts of her body later that day and she filed an incident report with the agency. She sought medical treatment the following day and was diagnosed with sprains to her neck and back, as well as contusions to both shoulders and hips. She was out of work for approximately four months as a result of these injuries and filed a claim for workers' compensation benefits. The claim was controverted by the agency and its workers' compensation carrier. Following extended proceedings that included review of video surveillance tapes of the incident, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim upon finding that claimant had exaggerated the incident and that her injuries [*2]were not the result of an accident rising out of and in the course of her employment. The Workers' Compensation Board upheld the WCLJ's decision and this appeal by claimant ensued.
Initially, notwithstanding the presumption of compensability contained in Workers' Compensation Law § 21 (1), a claimant bears the burden of demonstrating that his or her injury was the result of an accident arising out of and in the course of employment in order to be entitled to workers' compensation benefits (see Matter of Silvestri v New York City Tr. Auth., 153 AD3d 1069, 1071 [2017]; Matter of Huggins v Masterclass Masonry, 83 AD3d 1345, 1347 [2011]; see also Workers' Compensation Law § 10 [1]). Notably, this is a factual issue for the Board to resolve, and its determination will be upheld if supported by substantial evidence (see Matter of Silvestri v New York City Tr. Auth., 153 AD3d at 1071; Matter of Ciullo v Gordon L. Seaman Inc., 144 AD3d 1377, 1377 [2016]).
Here, claimant reported that her injuries occurred when the "malfunctioned elevator doors smashed [her] body simultaneously as she stepped onto the elevator." She testified similarly at the hearings before the WCLJ, analogizing the incident to being squeezed on each side "like a jelly donut." This was the account that she related to her treating physician, who indicated in his medical notes that the impact of the elevator door closing on claimant was quite severe due to its size. Although a colleague who was present outside the elevator at the time that claimant boarded it testified that the door struck claimant as it was closing, he did not describe the impact with the same degree of severity as did claimant. Most significantly, the video surveillance tape that was taken inside the elevator as claimant was entering it completely contradicts claimant's verison of the event. It reveals that, as claimant entered the elevator, a door bumped her right side as it was closing but did not knock her off balance or impede her entry. In fact, claimant appeared unfazed as she remained on the elevator using her cell phone until she departed at her destination.
"The Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (Matter of Marshall v Murnane Assoc., 267 AD2d 639, 640 [1999] [citation omitted], lv denied 94 NY2d 762 [2000]; see Matter of Xie v JP Morgan Chase, 150 AD3d 1360, 1363 [2017]). In view of the video surveillance tape, the Board could reasonably conclude, under the circumstances presented, that being struck by the elevator door was not an accident arising out of and in the course of claimant's employment and that claimant exaggerated the severity of the incident (see e.g. Matter of Rios v Goodwill Indus., 60 AD3d 1243, 1244 [2009]). Contrary to claimant's assertion, the Board did not impermissibly fashion its own medical opinion with respect to causation in reaching its conclusion. The record is devoid of any medical opinion establishing that the incident as depicted in the surveillance videotape caused claimant's injuries. To the extent that the report of claimant's treating physician may be interpreted as indicating a causal relationship, it was based entirely on claimant's own report, which is unsubstantiated. We have considered claimant's remaining arguments and find them unavailing. Therefore, we find no reason to disturb the Board's decision.
Egan Jr., J.P., Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.